ON REHEARING
Shortly after this motion to dismiss the appeal was filed we informed both counsel they could and should submit to us documentary evidence relative to pertinent facts not contained in the record as made up in the trial court. Mover, the plaintiff-appel-lee, did submit such evidence; appellant submitted none. After our original decree had been handed down we learned for the first time, from appellant’s application for rehearing, that counsel for mover inadvertently had failed to furnish appellant with copies of affidavits he had filed. We *745 believe appellant failed to submit the requested evidence because his counsel was under the impression mover had furnished none and the matter would be decided without further evidence from either side. Under these circumstances we granted a rehearing in order to give appellant a further opportunity to furnish evidence and to hear argument from counsel for each litigant.
Appellant now has furnished us with an affidavit made by a deputy clerk of the trial court, who appears to be familiar with the procedure in that clerk’s office in processing and handling appeals and particularly with the procedure followed in this appeal, together with photostats of several sheets of the civil docket ledger of the Twenty-fourth Judicial District Court showing that in the instant case on the date the petition for appeal was filed counsel for appellant did make a deposit of $38.50 and did have an additional small amount to his credit in the ledger. In pertinent part that affidavit reads as follows:
“When an appeal is taken to the Court of Appeal a deposit to cover the Clerk’s cost and filing fee is made by appellant’s attorney in the amount of approximately $35.00. Since many appeals are abandoned for one reason or another the Clerk’s office does not incur the cost of making up copies of the pleadings and exhibits or incurring other similar cost until after the Court Reporter’s transcript of testimony is filed in the Clerk’s office. At that time we know that we can get paid for our work and will not be in the position of incurring expenses for which we cannot be paid. We then make up the clerk’s part of the appeal assembly, determine the clerk’s costs, deduct the clerk’s costs from the funds on deposit, and if there are sufficient funds remaining on deposit to cover the filing fee in the Court of Appeal we transmit the appeal to the Court of Appeal. If there is not sufficient money on deposit after payment of the clerk’s appeal cost, the appellant’s attorney is notified, usually by telephone, that it will be necessary to' make an additional deposit of funds to cover the filing fee for the Court of Appeal. When the additional funds are received the appeal is lodged in the Court of Appeal.
Affiant further states that pursuant to' this standard procedure, when the transcript of testimony of the court reporté?, Milton Cook, was received in the clerk’s office in the appeal of Edward H. Keiler in the case styled American Tile and Terrazzo Company vs. Edward H. Keiler, No. 76,353, Division A, Twenty-fourth Judicial District Court, Parish of Jefferson, on September 13th, 1966, the clerk’s office proceeded to make up the clerk’s part of the appeal assembly. On September 14th, 1966, the clerk’s office determined its costs of preparing the transcript of the pleadings, exhibits, index, etc., paid on the Civil Docket Ledger, and noted that there was not sufficient funds remaining on deposit to pay the filing fee in the Court of Appeal.
Affiant further states that he telephoned attorney of record for appellant, Sam O. Buckley, and advised him on the 15th day of September 1966 that it would be necessary to deposit an additional $25.-' 00 to cover the filing fee in the Court of Appeal and that the extended return day of the appeal was the next day, September 16, 1966. After being assured by the attorney for appellant that a check for $25.00 would be mailed immediately, affi-ant advised the attorney for appellant that he would request an extension of the return day and if unable to get -same would file the appeal in the Court of Appeal anyway.
Affiant further states that the trial Judge refused to grant an extension of the return day, the check from appellant’s attorney was not received until September 19, 1966, and the appeal was lodged in the Court of Appeal on September 19, 1966.”
*746 We are not fully satisfied that the facts involved in this case are, in every respect, as set out in the affidavit. For we note that the last application to the trial court for an extension of time, which was signed by the same deputy clerk who signed the affidavit submitted by appellant, states that the transcript of appeal had not been completed for the reason that, as of September 16, 1966, the date on which that application was filed, the clerk’s office had not received payment for the appeal. And certainly the clerk of the trial court is without authority to modify or change the law expressed in LSA-C.C.P. Art. 2126, which requires that not later than three days prior to the return day or extended return day the appellant shall pay to the clerk of the trial court all costs of preparing the record on appeal and the filing fee required by the 'appellate court to lodge the appeal. However, we will not deprive appellant of his right to be heard on appeal in the absence of fault, attributable to him, which resulted in his failure to timely pay the filing fee. Appeals being favored, we accept as true and correct the facts contained in the quoted portion of the affidavit.
 Under those facts the appeál should not be dismissed. As the clerk’s office did not itself determine until September 14, 1966 that there was an insufficiency of funds remaining on deposit to pay the filing fee of $25, and did not inform appellant of-that fact until the following day, it was impossible for appellant to know of the insufficiency, or the exact amount thereof, in time to pay that fee, as required by LSA-C.C.P. Art. 2126, not later than three days prior to the extended return day, which was September 16, 1966. The delay in paying the fee is not attributable to the appellant. See Atlantic Gulf Supply Corporation v. McDonald, La.App., 171 So.2d 481.
For the reasons assigned, the motion to dismiss the appeal is denied.
Motion to dismiss denied.