LOTTINGER, Judge.
ON MOTION TO DISMISS
Appellees, Pierre Charles Arquembourg and Zahra Arquembourg, move to dismiss this appeal on the grounds that all costs of preparing the transcript have not been paid, the transcript has not been filed, and the return date has not been extended.
From the affidavits attached to the motion to dismiss and those filed in opposition thereto, we must conclude that there was a complete misunderstanding between appellants’ attorney and the Court Reporter. Judgment was signed by the Trial Court on July 11, 1968, and a suspensive appeal applied for and granted on July 16, 1968, and made returnable to this Court on September 13, 1968.
It is contended by appellant that a conversation took place between the Court Reporter and appellants’ attorney prior to September 13, 1968, in that the Court Reporter had other transcripts that took priority over the instant case, and she would therefore apply for an extension of *260 time. The Court Reporter also stated that she required an advance on her fee of from $50 to $75 prior to the commencement of the transcription, and would notify appellants’ attorney when prepared to commence. In the affidavit of the Court Reporter, she makes mention of the advance deposit, and further states that the attorney was to mail her $50 the next day. There is no mention in her affidavit of any other transcripts which needed to be complete first.
There were apparently several extensions until the return date was finally extended to June 1, 1969. On May 23, 1969, a written memo was sent from the Clerk of Court’s office to the attorney for appellants stating that no additional extensions would be granted unless settlement was made as to the transcript. Whereupon, the attorney for the appellant contacted the Court Reporter and forwarded to her a $50 advance as agreed to by her.
It is the contention of the appellee that all delays in preparing the transcript are imputable to appellants. With this we cannot agree. Code of Civil Procedure Article 2161 provides:
“An appeal shall not be dismissed because of any irregularity, error, or defect unless it is imputable to the appellant. * * *”
We do not find that appellee has shown sufficiently any evidence which should require an imputation of the defects alleged to appellants. This was nothing more than a breakdown in communications or misunderstanding between counsel for appellants and the Court Reporter.
Code of Civil Procedure Article 2127 provides:
“The clerk of the trial court shall have the duty of preparing the record on appeal. He shall cause it to be lodged with the appellate court on or before the return day or any extension thereof, upon the timely payment to him by the appellant of all fees due in connection with the appeal, including the filing fee required by the appellate court to lodge the appeal. Failure of the clerk to prepare and lodge the record on appeal either timely or correctly shall not prejudice the appeal." (Emphasis added.)
And in Louisiana Power and Light Company v. Lasseigne, La.App., 211 So.2d 136, at page 138, writ refused 252 La. 480, 211 So.2d 335 (1968) the Court held as follows:
“ ‘The law is clear that it is the duty of the clerk or deputy clerk to prepare the record on appeal, and he is also obligated to obtain an extension of the return day in the event that such an extension should be needed for the completion of the record.’ ”
Any failure therefore to obtain any further extensions of the return date cannot be imputed to the appellant.
Appellee further contends that it was an abuse of discretion for the return date to be extended simply because appellant arbitrarily and capriciously refused to pay the cost of preparing the record of appeal. Firstly, because of the above reasons, we do not find that the appellant arbitrarily and capriciously refused to pay the cost, and secondly, we do not feel that the Trial Judge would have extended the return date for such a reason.
It is next contended by appellee that appellants have not paid “all cost” as required by Code of Civil Procedure Article 2126. We find nothing in the record to show that the Clerk of Court has requested any specific amount of cost other than an advance deposit on the transcription fee. We do find in the record a receipt from the Clerk of Court showing “all cost paid to date” and this receipt is dated June 23, 1969.
Therefore, for the above and foregoing reasons the motion to dismiss is denied.
Motion denied.