LUTHER E. HALL, Judge pro tem.
This matter comes before us on a motion filed by defendants-appellees to dismiss the appeal herein on the ground that the record was not timely filed due to the fault of the appellant.
The appeal herein was granted on December 11, 1959, and made returnable to this Court on January 6, 1960. On January 11, 1960 the return date was extended by the Presiding Judge of this Court in accordance with the provisions of Act 636 of 1954, on the ground that the clerk of the trial court needed more time for the completion of the record.
It is alleged in the motion to dismiss that the record was completed and ready for filing in this Court on May 24, 1960 and that the appellant was notified of this fact on June 6, 1960 and several times thereafter but the record was not filed in this Court until March 19, 1962. The motion further alleges that all delay in filing the record from May 24, 1960 until the filing on March 19, 1962 is imputable to appellant.
Defendants-appellees attached to their motion an affidavit signed by a Deputy Clerk of the Civil District Court for the Parish of Orleans, from which Court this appeal was taken, stating that the record *100 of appeal in this case was completed and ready to be filed in this Court on May 24, 1960 and that he notified the attorneys for the appellant of this fact on June 6, 1960. This affidavit further stated that there were additional costs due and owing for the preparation of the transcript in the sum of $14.70 which was not tendered by the attorneys for the appellant until March 19, 1962.
The appellant filed an opposition to the motion to dismiss, supported by individual affidavits signed by each of the attorneys of record for the appellant, and also supported by a second affidavit signed by the same deputy cleric who signed the affidavit attached to appellees’ motion.
In their affidavits each of the attorneys denied under oath that he had any knowledge of, or that he received any notice from anyone prior to the morning of March 19, 1962, that the record had been completed and was ready for filing or that any further costs were due, and that immediately upon learning that the record was ready all costs were paid and the record was filed.
The second affidavit of the deputy clerk completely destroys the effect of his first affidavit. In his second affidavit the deputy clerk stated that his affidavit attached to appellees’ motion relative to giving notice to appellant was not based upon his individual recollection of the facts “but altogether upon the normal practice and procedure followed in the office of the clerk * * * ”. He further stated in this second affidavit “that the record bears no notation to whom the notice was given, nor the date of any such notice”.
We must conclude that appellees have failed to show that any notice was given to appellant prior to the date the record was filed in this Court.
The extension of the return day granted by the Presiding Judge of this Court on January 11, 1960 was an indefinite or indeterminate extension under the provisions of Act 636 of 1954 which provides:
“In all appeals to the Court of Appeal for the Parish of Orleans, whenever the appellant timely obtains an extension of the return day of said appeal because of the non-completion of the record through no fault of said appellant, then and thereafter the delay of the clerk or deputy clerk of the trial court in completing said record of appeal shall not be imputed to the appellant and such delay shall effect an automatic extension of the return day until the record is actually filed in said Court of Appeal.”
This Act which applied only to appeals to this Court has since been repealed but was in full force and effect on the date the extension was granted. Since any extension granted under that Act is “until the record is actually filed in said Court of Appeal” any legislation respecting the time for payment of costs which is predicated upon an extension of the return day to a specific date, such as the emergency legislation of 1960 (LSA-R.S. 13:4445 as amended) or LSA-C.C.P. Arts. 2126 and 2127, is inapplicable here.
While we are not aware of any provision of law which specifically requires the clerk of the trial court to transmit to the appellant a bill for costs or to notify him when the record is ready for filing, it would seem that he should give such notice when an indeterminate extension is granted for completion of the record because he is the only one who would know when the record is completed.
When it is shown, as it is here, that the appellant had no actual knowledge of the date the record was completed and proof is lacking that any notice thereof was given, it is our opinion that the responsibility for the delay in filing the record cannot be imputed to the appellant.
“An appeal shall not be dismissed because of any irregularity, error, or defect unless it is imputable to the appellant * * LSA-C.C.P. Art. 2161.
*101 Appeals have always been favored by the law and will not be dismissed upon purely technical grounds.” Mossier Acceptance Co. v. Moliere, La.App., 181 So. 228. See also McCann v. Todd, 201 La. 953, 10 So.2d 769; Alpaugh v. Krajcer, La.App., 54 So.2d 233.
“ * * * Since the law favors appeals and abhors forfeitures, the doubt should be resolved in favor of the appeal * * Farrow v. John R. Thompson Co., 18 La.App. 404, 135 So. 80; See also Police Jury of Parish of St. James v. Borne et al., 192 La. 1041, 190 So. 124.
For the foregoing reasons the motion to dismiss is denied.
Motion denied.