153 So.2d 776 (1963)
Mrs. Claudie Koonce MATLOCK, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE COMPANY et al., Defendants-Appellees.
No. 919.
Court of Appeal of Louisiana, Third Circuit.
May 29, 1963.
Ted R. Broyles, Leesville, for plaintiff-appellant.
Stafford & Pitts, by Grove Stafford, Jr., Alexandria, for defendants-appellees.
Gold, Hall & Skye, by George B. Hall, Alexandria, for defendants-appellees.
En Banc.
PER CURIAM.
This matter comes before the court on a motion by the defendants to dismiss plaintiff's appeal on the ground that he did not pay to the Clerk of Court for the Parish of Vernon the cost of preparing the record of appeal, the transportation expenses, and the filing fee as required to lodge the appeal.
The record discloses that the return date for this appeal was originally fixed on or before May 1, 1963 and later extended to on or before May 15, 1963. Defendants allege that plaintiff did not pay the above costs three days prior to the latter return date, and that under the provisions of LSA-C.C.P. Art. 2126 the appeal should therefore be dismissed.
LSA-C.C.P. Art. 2126 provides that "the appellant shall pay to the clerk of the trial court, not later than three days prior to the return day or extended return day, all costs of preparing the record on appeal, and the *777 filing fee required by the appellate court to lodge the appeal."
The trial clerk is not required to lodge the record with the appellate court unless such costs and fees are paid. LSA-C.C.P. Art. 2127; LSA-R.S. 13:4445. However, when the trial clerk does timely file the record in the appellate court, together with the payment of the appellate court's filing fee, then the question of the appellant's failure to comply with LSA-C.C. P. Art. 2126 becomes moot, since the purpose of the article is simply to assist the trial clerk to receive such fees and costs in time to file the record in the appellate court by the return date. See Official Revision Comments LSA-C.C.P. Art. 2126; see also, LSA-C.C.P. Art. 2127, LSA-R.S. 13:4445.
Herein, the proper appeal bond was timely filed; the record was filed in this court on May 15th and thus within the extended filing date; and this court's filing fee was paid at the time the record was filed in this court.[1] Insofar as dismissal of the appeal on this ground, therefore, the appellant's failure to pay these costs and fees to the trial court three days prior to the return date has become moot.
It is true that the courts of appeal have on several occasions dismissed appeals for failure to pay costs three days prior to the return date as required by LSA-Art. 2126. Murry v. Southern Pulpwood Insurance Company, La.App. 3 Cir., 133 So.2d 827; Manuel v. Travelers Insurance Company, La. App. 3 Cir., 131 So.2d 223; Cavalier v. LaSalle, La.App. 1 Cir., 126 So.2d 23. However, these decisions did not involve situations where the record had in fact been timely lodged with the appellate court, together with the appellate court's filing fee due by the appellant.
For the reasons assigned, therefore, the motion to dismiss plaintiff's appeal is denied.
Motion to dismiss appeal denied.
NOTES
[1] These costs were paid from a cash appeal bond which had been furnished by the appellant in the amount of $250 fixed by the trial court. Appeal bonds are fixed in an amount to afford security, inter alia, for the payment of appellate costs due by the appellant, including those due to the trial clerk for preparing the record on appeal. LSA-C.C.P. Art. 2124. Even if it be contended that the amount deposited for the appeal bond is now inadequate because of the clerk's action in applying some of it to pay the costs of the appeal and this court's filing fee, any question of the insufficiency of the bond is not now before us.