SAMUEL, Judge.
This matter is before us on a motion filed by plaintiff-appellee to dismiss a suspensive appeal on the ground that the defendant-appellant failed to make timely payment of the costs of appeal.
The appeal was granted on January 27, 1964 and made returnable to this court on March 10, 1964. The appeal bond was timely filed. On motions of a deputy clerk of the trial court the return date was extended on four occasions, the last extended return day being October 2, 1964. A printed document, entitled “NOTICE TO APPELLANT TO PAY COSTS IN ACCORDANCE WITH C.C.P. 2126” stating the transcript was ready for lodging the appeal, the total costs due, the extended return date of October 2, 1964, and concluding with a *482 sentence to the effect that in accordance with LSA-C.C.P. Art. 2126 the total costs must he paid to the clerk’s office on or before September 29, 1964, was prepared by the district court clerk’s office which sought to make service thereof on counsel for appellant through the sheriff’s office. A deputy sheriff attempted to make such service on several occasions but was unable to do so. The costs were not paid by the appellant and on December 17, 1964 appellee filed in the trial court a motion and rule to dismiss the appeal on the ground that the costs had not been paid. On January 4, 196S, after a trial of the rule, there was judgment thereon denying the rule and ordering appellant to pay the costs forthwith. Plaintiff has not appealed from that judgment. On the following day the costs were paid and the record was lodged in this court. Two days thereafter appellee filed the present motion to dismiss in this court.
Although the subject is not discussed or mentioned in the briefs filed in this court, we are of the opinion that the judgment of the trial court on the motion and rule to dismiss the appeal is a nullity for want of jurisdiction in that court under LSA-C.C.P. Art. 2088, which provides: “The jurisdiction of the trial court over the case shall be divested, and that of the appellate court shall attach, upon the timely filing of the appeal bond in the trial court, or if no bond is required, upon the granting of the order of appeal. Thereafter, the trial court shall have no jurisdiction over the case except: to tax the costs incurred in the trial court; to test the solvency of the surety on the appeal bond as of the date of its filing or subsequently; to consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, in accordance with Article 5124; and as provided by Articles 2125, 2131, and 2132.” We consider a further discussion of the question of nullity unnecessary for the reason that our conclusion on the present motion to dismiss is the same as that reached by the trial court on the similar motion it heard, i. e., a denial of the motion, and we prefer to base our holding on other grounds.
Under LSA-C.C.P. Art. 2126 not later than three days prior to the return day or extended return day the appellant must pay to the clerk of the trial court all costs of preparing the record on appeal and the filing fee required by the appellate court. In the instant case the appellant failed to make such payment within the time required. The only excuse he gives for that failure is the fact that he did not receive the usual notice to pay costs from the clerk’s office and therefore had no knowledge of the amount of the costs or of the extended return day.
It is obvious that an appellant cannot make payment of the costs until he knows the amount due for preparing the record for appeal; this cost item varies with each case. Apparently the Code of Civil Procedure contemplates that it is incumbent upon the appellant to keep informed of extensions of the return day and of the amount of costs of appeal he must pay under penalty of losing his appeal for failure to comply timely with the provisions of LSA-C.C.P. Art. 2126 relative to payment of the costs not later than three days prior to the final return day. We are not aware of any provision of law which requires the clerk of the trial court to transmit to the appellant a bill for costs of appeal or to notify him of an extended return day.
However, when it is the established practice and custom of the trial court clerk, and we understand this to be the case in the Parish of Orleans where the above described printed notice is used for that purpose, to give timely notice to an appellant of the cost of appeal due and of the extended return day by service through the sheriff’s office, it would be manifestly unfair to deprive an appellant of his appeal when the costs thereof and the extended return day were unknown to him as a result of his dependence upon such a practice and custom and a failure to make the usual *483 service of notice. Appeals are favored by the law and, under LSA-C.C.P. Art. 2161, shall not be dismissed because of any irregularity, error or defect unless the same is imputable to the appellant. The record in the instant case fails to show either that the usual and customary service of notice of costs of appeal and of the extended return day was made or that the appellant had actual knowledge thereof. Under these and all the other facts here involved we are of the opinion that the failure to make timely payment of the costs of appeal is not imputable to the appellant so as to result in dismissal of the appeal.
The motion to dismiss the appeal is denied.
Motion to dismiss denied.