REGAN, Judge.
The defendants, Mr. and Mrs. Charles A. Petrossi filed a motion in this court to dismiss the appeal taken by the plaintiff, Elster Paul Desselle, Jr., from an adverse judgment rendered in a suit requesting in-junctive relief. The primary grounds upon which the defendants’ motion is predicated are (1) failure to pay costs timely pursuant to Article 2126 of the Code of Civil Procedure and R.S. 13:4445, and (2) failure to perfect the appeal within the return day originally set by the court.
The record discloses that the plaintiff filed suit against the defendants endeavoring to obtain injunctive relief. On March 10, 1967, the lower court rendered judgment in favor of the defendants, dismissing the plaintiff’s suit. This judgment was signed on March 13, 1967. On March 27, 1967, the plaintiff filed a motion for a sus-pensive appeal, but did not file the necessary bond until April 4, 1967.
On April 4th, the defendants filed a motion in the lower court to dismiss the sus-pensive appeal, and after a hearing thereon, the lower court dismissed the suspensive appeal but granted the plaintiff a devolutive appeal.
The original order granting the appeal made it returnable to this court on May 8, 1967. No extensions thereof were granted until August 4, 1967, when the lower court rendered a judgment granting the plaintiff 100 days to complete the transcript, retroactive to the original return day, May 8, 1967, so that the extended return day was then fixed for August 16, '1967.
On March 27, 1967, the plaintiff made a $100.00 deposit with the clerk of court, but this amount was applied to the cost balance due at that time. Consequently, the costs due to the clerk of the district court for preparing and lodging the appeal were not paid by the plaintiff until the extended return day, namely, August 16, 1967.
It is the defendants’ initial contention that the appeal should be dismissed because the plaintiff failed to pay to the clerk of the trial court the filing fee required by the Court of Appeal and the cost of preparing the record on appeal more than three days prior to the extended return day in accordance with Article 2126 of the Code of Civil Procedure. This article reads:
“The appellant shall pay to the clerk of the trial court, not later than three days prior to the return day or extended return day, all costs of preparing the record on appeal, and the filing fee required by the appellate court to lodge the appeal.”
In Matlock v. Allstate Insurance Company,[1] the identical question was posed for the Court’s consideration. We reasoned that while the clerk is not required to lodge the record with the appellate court unless the costs and fees are paid, nevertheless, if the clerk does timely file the record in the appellate court, together with the payment of the appellate court’s filing fee, then the question of the appellant’s failure to comply with Article 2126 of the Code of Civil Procedure becomes moot, since the purpose of the article is simply to assist the clerk of the lower court to receive such fees and costs in time to file the record in the appellate court by the return day.[2]
*569 In this case, the defendant has made no showing that the record was not lodged in the appellate court timely or that the fees of the appellate court were not timely paid. Since the clerk filed the appeal timely and paid the costs of lodging the appeal, the question of the prior payment of costs by the plaintiff is now moot, and the defendants cannot now avail themselves of this technicality.
The second reason asserted by the defendants for dismissing the appeal is the failure of the clerk to lodge the record with the Court of Appeal on or before May 8, 1967, the original return day. Defendants contend that the lower court had no authority to render an order retroactively extending the return day 100 days from the date of the original return date, or until August 16, 1967. In effect, they argue that even if the costs were timely paid, the extended return date is invalid, and therefore the appeal should be dismissed since it was not timely lodged in the appellate court.
Article 2125 of the Code of Civil Procedure provides that the original return day of an appeal shall be fixed by the trial court not more than 60 days from the date the appeal is granted. However, the same article provides that the return day may be extended by the trial court for a sufficient cause on the application of the clerk or deputy clerk who is preparing the record of appeal.
The applicable article is thus silent on the power of the trial judge to grant a retroactive extension of a return day. We see no good reason, however, why this authority should not be granted to a trial judge, since there is no limit to the amount of extensions which he can grant to the clerk or deputy clerk in order to- complete the record. Thus, the trial judge could have granted two, three, or even four timely extensions of the return day and thus delay the appeal for a far greater time than was the case in this suit.
However, we are not required to decide this question. The law is clear that it is the duty of the clerk or deputy clerk to prepare the record on appeal, and he is also obligated to obtain an extension of the return day in the event that such an extension should be needed for the completion of the record.[3] In this case, the deputy clerk in charge of preparing this record did not obtain an extension of the return day on May 8, 1967, in violation of his statutory duty. However, it is explicitly provided in Article 2127 of the Code of Civil Procedure that the failure to> prepare and lodge the record on appeal either timely or correctly shall not prejudice the appeal. In short, the fault of the clerk in the preparation of this appellate record is not imputable to the appellant.[4]
For the foregoing reasons, the defendants’ motion to dismiss is denied, and the assessment of costs is to await the final determination hereof.
Motion denied.

. La.App., 153 So.2d 776 (1963).

. See American Steel Building Company v. Brezner, La.App., 155 So.2d 83 (1963), where the court reached an identical conclusion.

. See Articles 2126 and 2127 of the Code of Civil Procedure.

. See also Wischer v. Madison Realty Company, Inc., 242 La. 334, 136 So.2d 62 (1961).