ON MOTION TO DISMISS
JOPINSON, Judge.
The record in this case comes before us at this time on the motion of plaintiff-appellee to dismiss the appeal on the alleged grounds that the failure to lodge the record in this court before December I, 1964, was too late and the lateness is imputable to defendant-appellant.
The plaintiff, Louisiana Power and Light Company, filed this suit against the defendants, George A. Lasseigne, Jr., et al., to expropriate a right of way servitude over property of defendants. After trial the district court rendered judgment in favor of plaintiffs on November 30, 1962. The defendants, not being entitled to a suspensive appeal, were granted a devolu-tive appeal to this court by an order signed February 21, 1963. That order made the appeal returnable to this court on April 19, 1963. The record was not sent up by that date. On motion of the clerk of court, the trial judge signed 10 orders each extending the return day to a new date. The last of these 10 orders extended the time to December 1, 1964. The transcript of the testimony was completed and filed by the court reporter on February 6, 1964.
On February 20, 1968, the appellant filed in the trial court a motion for a rule and the court signed an ex parte order calling upon the clerk of court to show cause why the transcript of appeal should not be filed in this court forthwith. The clerk of court, on that same day, accepted service of the motion and rule and the court, on the same day, signed an order or a judgment making the rule absolute and ordering the clerk of court to send up the appeal. There is also in the record an undated order extending the return day of the appeal to April 15, 1968. This is followed by another order dated April 12, 1968, extending the return day again to May 15, 1968.
*137 On April 1, 1968, plaintiff-appellee filed a motion in the trial court to dismiss the appeal. When this motion to dismiss was called for trial on April 11, 1968, the trial judge stated that he realized and acknowledged that he had no jurisdiction in the matter but he would permit the parties to offer testimony on the trial of that motion. The clerk of court testified as a witness. For oral reasons dictated into the record, the motion to dismiss was orally denied. On April 22, 1968, the clerk of the trial court filed the record on the appeal in this court and on April 23, 1968, this motion to dismiss the appeal now before us was filed in this court.
On the trial of the motion to dismiss in the district court the clerk of court testified that the reason he had not prepared and filed the transcript of appeal was that he had called upon appellants to furnish certain exhibits offered on the trial of the case on the merits and he was waiting for them to be furnished. Counsel for appellants has filed a brief herein in opposition to the motion to dismiss and in that brief our attention is called' to the fact that Mr. D. Elmore Becnel was the attorney for defendants until he died on June 27, 1965, after a prolonged illness and that his records and file in this case are not available to present counsel. It is also stated in counsel’s brief that there is no explanation of what exhibits the clerk of court had called for or what became of the original exhibits filed in the record on the trial of the case. He also notes that an examination of the record now will reveal that all the exhibits are in it except a map offered by plaintiff. The clerk testified that he did not call upon plaintiff to furnish any exhibits.
The clerk said on the trial of the motion to dismiss that the costs and fees were not paid but he adds that the reason they are not paid is because “ * * * my practice is not to bill them until the transcript is completed and I am ready to file the case.” He said that he means “ * * * the record to the court of appeal.” The fact that the record was promptly prepared and filed after the clerk was ordered to do that indicates that the appellants would have paid whatever was necessary at any time the clerk called upon them to do so.
The order extending the return day to December 1, 1964, was signed on October 1, 1964. There was nothing whatever done to prosecute the appeal after that until appellants filed its motion in the trial court on February 20, 1968, a lapse of over three years. It does seem to be an unreasonable indulgence to permit an appellant to so completely ignore his appeal for that span of time without suffering any penalty. The courts are charged only with the duty of interpreting the law. Articles 2125, 2126 and 2127 of the Code of Civil Procedure covers this situation. The clerk of court has the responsibility for good cause to apply for extensions of the return day. In this case the clerk asked for and obtained 10 such extensions and then quit asking for them. Apparently he had no good cause to ask for further extensions. In fact, he did not have good cause after February 6, 1964. There is no authority for a party to a suit to move for extensions of the return day. These articles on procedure, as well as other provisions of law, have been discussed and explained by this court in four recent cases involving situations somewhat similar to the facts in this case. They are: Desselle v. Petrossi, La.App., 203 So.2d 567; Danziger v. Employers Mutual Liability Insurance Co., La.App., 141 So.2d 99; Portier v. Marquette Casualty Company, 146 So.2d 48, and Atlantic Gulf Supply Corporation v. McDonald, La.App., 171 So.2d 481.
Judge Regan was the organ of the court in Desselle v. Petrossi, supra, and on the point that the court ordered an extension of the return day to April 20, 1968, which order was retroactive in effect, we *138 quote the following pertinent statements in that decision:
"The applicable article is thus silent on the power of the trial judge to grant a retroactive extension of a return day. We see no good reason, however, why this authority should not be granted to a trial judge, since there is no limit to the amount of extensions which he can grant to the clerk or deputy clerk in order to complete the record. Thus the trial judge could have granted two, three, or even four timely extensions of the return day and thus delay the appeal for a far greater time than was the case in this suit.
“However, we are not required to decide this question. The law is clear that it is the duty of the clerk or deputy clerk to prepare the record on appeal, and he is also obligated to obtain an extension of the return day in the event that such an extension should be needed for the completion of the record. In this case, the deputy clerk in charge of preparing this record did not obtain an extension of the return day on May 8, 1967, in violation of his statutory duty. However, it is explicitly provided in Article 2127 of the Code of Civil Procedure that the failure to prepare and lodge the record on appeal either timely or correctly shall not prejudice the appeal. In short, the fault of the clerk in the preparation of this appellate record is not imputable to the appellant.”
For these reasons, the motion to dismiss the appeal is denied.
Motion denied.