BARHAM, Justice.
 

 This is a suit which the plaintiff, Louisiana Power & Light Company, calls an expropriation proceeding but which appears in fact to be a suit seeking to exchange an existing servitude on the property of the defendants for a new servitude on the same tract but in a different location. Suit was filed in June, 1962, and judgment rendered November 30, 1962. On February 21, 1963, the defendants applied for and were granted an order of devolutive appeal. The appeal was not lodged in the Fourth Circuit Court of Appeal until April 22, 1968. That court denied a motion to dismiss the appeal, 211 So.2d 136, and we refused writs, 252 La. 480, 211 So.2d 335, with the state
 
 *584
 
 ment that the judgment was not final. On the merits the Court of Appeal affirmed in part and reversed in part, granting to Louisiana Power & Light Company the servitude sought and casting it to pay $5593.00 as just compensation for the servitude and severance damages. 220 So.2d 462. We granted a writ without limitation upon the motion to dismiss as well as upon the merits.
 

 The order granting the devolutive appeal on February 21, 1963, made the return date April 19, 1963. Before that date an extension was obtained by the clerk of court, and nine additional extensions were granted upon the clerk’s application, the last of which extended the return date to December 1, 1964. No action was taken by any party to the suit or any officer of a court from December 1, 1964, to February 20, 1968, when a motion for a rule to show cause why the record should not be lodged with the Court of Appeal was filed by the defendants-appellants. The trial court apparently entered a judgment instanter ordering the clerk to send up the record, and ordered the return date extended to April 15, 1968. On April 11 testimony was taken in the trial court under a motion to dismiss although the trial court recognized its lack of jurisdiction.
 
 [1]
 
 The return date was again extended, and, as previously noted, the appeal was finally lodged on April 22, 1968, more than five years after the original return date and more than three years after expiration of the December, 1964, return date.
 

 Plaintiff argues before us that the defendants intended to abandon the appeal, and that the appeal was not timely filed because of fault and error imputable to defendants-appellants and should be dismissed. The fault is alleged to consist of failure to pay costs of appeal timely and failure to file exhibits in the record. The defendants contend that the failure of the clerk to lodge the appeal or to apply for further extensions of return date is error not imputable to an appellant.
 
 [2]
 

 The pertinent Code of Civil Procedure articles follow:
 

 “Art. 2126. The appellant
 
 shall
 
 pay to the clerk of the trial court, not later than
 
 three days prior to the return day or extended return day, all costs of preparing the record on appeal,
 
 and the
 
 filing fee required by the appellate court to lodge the appeal.”
 
 (Emphasis here and elsewhere has been supplied.).
 

 
 *586
 
 “Art. 2127. The clerk of the trial court shall have the duty of preparing the record on appeal. He shall cause it to be lodged with the appellate court .on or before the return day or any extension thereof,
 
 upon the timely payment to him by the appellant of all fees due in connection with the appeal, including the filing fee required by the appellate court to lodge the appeal.
 
 Failure of the clerk to prepare and lodge the record on appeal either timely or correctly shall not prejudice the appeal.”
 

 Article 2161 reads in part: “An appeal shall not be dismissed because of any irregularity, error, or defect
 
 unless it is imputable to the appellant.
 
 * * *"
 

 R.S. 13:352 provides in part: “The clerks of all of the courts of appeal shall charge the following fees: (1)
 
 For filing the record of appeal
 
 — twenty-five
 
 dollars
 
 * * *.” R.S. 13-.4445(A) reads: “Not later than three days before the return day, or extended return day, of the appeal fixed by the trial court, the
 
 appellant shall pay
 
 to the clerk of the trial court: (1)
 
 The fees to be due the clerk of the appellate court
 
 for filing the record of appeal, under the applicable provision of R.S. 13:126 or R.S. 13:352; and (2)
 
 The cost of transmitting the record of appeal
 
 to the clerk of the appellate court and
 
 all other fees due the clerk of the trial court for preparing the record of appeal.
 
 * * *»
 

 Article 2088 provides that the jurisdiction of the trial court is divested upon the filing of appeal bond or if none is required, upon the granting of the order of appeal except in certain specified instances, one of which is to “ * * * extend the return day of the appeal, as provided in Article 2125”. Article 2125 provides in part: “The return day * * *
 
 may be extended
 
 by the trial court
 
 for sufficient
 
 cause, on the application of the clerk, or of the deputy clerk preparing the record of appeal.” R.S. 13:4438, which advisedly was not repealed with the adoption of the Code of Civil Procedure, provides that the return day may be extended by order of the trial court “ * * *
 
 when it will not be possible to complete the preparation
 
 of this record in time
 
 for filing
 
 in the appellate court on the original return day”.
 

 Article 2088, which states that the jurisdiction of the trial court over the matter reviewable on appeal “ * * * is
 
 divested,
 
 and that of the appellate court attaches * * * ”, and which lists the only exceptions to that divestiture, is express, explicit, and mandatory. The right to have the return day extended is one of the exceptions enumerated in that article and more particularly defined in Article 2125 and in R.S. 13:4438. However, it is obvious that the trial court retains jurisdiction for the purpose of signing orders for extension of the return
 
 *588
 
 date
 
 only
 
 until the appeal is lodged or the return day passes.
 

 After the expiration of the return date the trial court is divested of any jurisdiction to “extend” a return day. The word
 
 extend
 
 is used in the Code and in the Revised Statutes in its usual and ordinary sense, meaning to increase the duration of, to lengthen, or to prolong. That which no longer exists, that which has terminated, cannot be extended. We have held this expressly, in the following language: “ * * * Any action of the trial court upon an application for an extension filed after the last extended return date is without legal effect * Wischer v. Madison Realty Company, 242 La. 334, 136 So.2d 62. See also State ex rel. Marcade v. City of New Orleans, 216 La. 587, 599, 44 So.2d 305, 309. There is no authority in law for a retroactive extension of a return date by the trial court, and as a matter of fact that court would be without jurisdiction to enter such an order.
 
 [3]
 
 It follows that the last order attempting to “extend” the return date, coming more than three years after the last legal extended return date, was without legal effect, and therefore the appeal was not timely filed.
 

 However, appeals are favored and are to be dismissed only when clearly required by law. Under Article 2161 a motion to dismiss an appeal shall be granted only if the irregularity, error, or defect is imputable to the appellant. It therefore becomes our duty to inquire into whether the failure to timely lodge the record in the Court of Appeal is an error imputable to the appellants or an error imputable to the clerk.
 

 The Court of Appeal found that the clerk asked for and obtained 10 extensions and “ * * * then quit asking for them. Apparently he had no good cause to ask for further extensions. In fact, he
 
 did not have good cause
 
 after February 6, 1964. * * * It is an uncontradicted fact that the transcript of testimony was prepared before February 6, 1964, and that the extensions thereafter
 
 *590
 
 until December 1, 1964, were obtained for the purpose of
 
 securing exhibits
 
 from the
 
 defendants-appellants.
 
 Exhibits proffered but not filed in the record and exhibits withdrawn are peculiarly within the possession of one of the parties. The clerk testified that he repeatedly requested the defendants-appellants to supply certain exhibits, and that their failure to comply required extensions of the return date for the appeal. The exhibits apparently were not forthcoming before the expira-' tion of the last legal extension. When the clerk of the trial court cannot complete a record because he cannot obtain necessary documents or exhibits in the possession of the appellant, failure to timely lodge the appeal is of necessity imputable to appellant.
 

 Contrary to defendants-appellants’ argument, the other contention of plaintiffappellee that the appeal should be dismissed for failure to timely pay appellate costs was argued in original brief, passed upon by the Court of Appeal, and is an issue before us. The Court of Appeal found that the appellate costs and filing fee were not paid before the last valid return date, and the record supports that conclusion.
 
 [4]
 

 Part of the appellate costs, the filing fees, are fixed by statute (R.S. 13:126 and R.S. 13:352), while others are assigned by the- clerk of the trial court. The clerk of the trial court here testified that it is his practice not to bill for costs for preparing the appellate record until the record is complete. Apparently the Court of Appeal allowed the local practice and custom of the clerk of court to contravene the specific codal and statutory provisions requiring payment of appellate costs and fees not later than three days before the return date. The clerk of the trial court is without authority to modify or render null such express law.
 
 [5]
 
 Our law does not require billing for appellate costs and fees by the clerk,
 
 *592
 
 but to the contrary it requires timely tender by the appellant of these costs and fees to the clerk.
 

 Prior to the Code of Civil Procedure the responsibility of lodging appeals in the various Courts of Appeal as well as in the Supreme Court rested in some instances upon the appellant and in others upon the clerk. Osborne v. Mossier Acceptance Corporation, 210 La. 1048, 29 So.2d 58; Coney v. Coney, 238 La. 410, 115 So.2d 801; Stockbridge v. Martin, 162 La. 601, 110 So. 828; Succession of Bickham, 197 So. 924 (La.App.1st Cir. 1940); Wilson v. Lee, 196 So. 373 (La.App.2nd Cir. 1940) ; Gazzo v. Bisso Ferry Co., 174 So. 132 (La.App.Orl. 1937). See also 15 Tulane L.Rev. 304.
 

 Also prior to the Code and R.S. 13:4445 as amended by Act 38, Section 1, of 1960, this court had construed Act 32 of 1910 (former R.S. 13 :4445) to permit but not to require the advance deposit of the costs of appeal before the return date, and since at that time it was not incumbent upon the appellant to prepare and file the record with the Court of Appeal, the failure to file the record before the return day because of appellant’s failure to advance the filing fee was not imputable to the appellant. Osborne v. Mossier Acceptance Corporation, supra.
 

 R.S. 13 :4445 and Code of Civil Procedure Articles 2125, 2126, and 2127 were intended to make uniform the responsibilities for lodging the appellate record in all of the appellate courts and to assign to the trial clerk the primary obligation for lodging that record. It is clear that there was also the specific intent to overrule the Osborne case by “ * * * (1) making it the mandatory duty of the appellant to pay these fees [appellate fees and costs] to the clerk of the trial court; and (2) requiring such payment to be made not later than three days before the return day, or extended return day.
 
 If the appellant fails to pay such fees timely, any delay in lodging the record of appeal in the appellate court is imputable to the appellant".
 
 Official Revision Comment, Art. 2126.
 

 The last sentence of R.S. 13:4445 provides: “ * * *
 
 When the appellant has paid the fees required imder Sub-section A of this Section timely,
 
 the failure of the clerk of the trial court to transmit the record, or to pay the fees due the appellate court clerk timely, is not imputable to the appellant.” This not only implies but necessarily presupposes that the failure of the appellant to pay these fees timely
 
 is
 
 an error imputable to the
 
 appellant.
 

 Wischer v. Madison Realty Company, supra, was decided under the 1960 amendment to R.S. 13 :4445 but before the effective date of the Code of Civil Procedure.
 
 *594
 
 In that case this court recognized in dictum that failure to pay the appellate costs, which caused an untimely filing of the record, would be imputed to the appellant. See also Cavalier v. La Salle, 126 So.2d 23 (La.App.1st Cir. 1960). We recognized in Portier v. Marquette Casualty Company, 245 La. 702, 713, 160 So.2d 585, 589, that under the Code of Civil Procedure
 
 “
 
 * * * it was the Legislative intent to place the onus of lodging the appeal in the appellate court on the Clerk of the District Court; it was the Legislative intention to rest the responsibility for appellate costs with the appellant”.
 

 In Fruehauf Trailer Company v. Baillo, 252 La. 181, 210 So.2d 312, we held that the timely lodging of the record in the Court of Appeal, together with the appellate court filing fee, made moot the question of whether the appellate costs had been timely filed in the trial court.
 
 [6]
 
 In Favrot v. Favrot, 252 La. 192, 210 So.2d 316, this court recognized that appellant’s refusal to pay for the transcript of testimony as ordered by the trial judge was imputable to the appellant; however, the motion to dismiss the appeal was not timely filed in accordance with Code of Civil Procedure Article 2126.
 

 We hold that the pertinent codal provisions and statutes make the filing of appellate costs mandatory upon the appellant, and that an untimely lodged record on appeal where these costs have not been tendered or advanced is imputable to the appellant and is ground for dismissal.
 
 [7]
 

 
 *596
 
 Although the clerk is charged with primary responsibility of lodging the record in the appellate court and with securing extensions of return date in order that the record may be properly completed and filed, it is not incumbent upon the clerk to seek extended return dates or to file the appellate record when costs and fees have not been timely advanced by the appellant • or the record has not been completed for reasons imputable to the negligence, error, or fault of the appellant. It is incumbent upon the appellant to keep informed of the return date and extended return dates and of the amount he must pay as costs of appeal. Timely payment or tender of payment must be made in accordance with law under penalty of the appellant’s losing his appeal.
 

 The judgment of the Court of Appeal on the motion to dismiss is reversed, the appeal is dismissed, and the judgment of' the trial court is reinstated.
 

 HAMITER, J., concurs in the result.
 

 SANDERS and SUMMERS, JJ., dissent from the denial of a rehearing.
 

 [1]
 

 . We treat the testimony of the clerk of court taken on that date as an affidavit in support of the motion to dismiss.
 

 [2]
 

 . Defendants also urge that the illness and death of original counsel contributed to the delay. We note from the record that after the death of original counsel almost three years elapsed before present defense counsel became counsel of record in this case.
 

 [3]
 

 . For a contrary but erroneous holding, see Desselle v. Petrossi, 203 So.2d 567 (La.App.4th Cir. 1967), which was relied upon by the Coui't of Appeal here. That case held that the trial judge had authority to
 
 grant a retroactively effective extension of a return date.
 
 We refused certiorari in that case but with the comment: “According to the facts of the case, as found to be by the Court of Appeal, the result reached by the Court is correct.” 252 La. 108, 209 So.2d 39. This is one of the most qualified refusals which can be made by this court. Our finding that the result was correct turned upon certain facts: A deposit for costs of $100.00 was made by plaintiff to the trial court clerk on March 27, the date he filed his motion for suspensive appeal, and we imputed this payment to the costs of appeal although, according to the Court of Appeal, the clerk of the trial court had elected to apply it to the balance due as trial costs.
 

 [4]
 

 . Attached to a supplemental brief filed by counsel for defendants is a billing to the clients from the first attorney for costs of filing the appeal and the clients’ cheek payable to that attorney with an endorsement for deposit on the reverse. Even if these documents were part of the record before us, they are not evidence of payment to the clerk of the advance costs for filing the appeal, but only evidence of a payment to the attorney by the clients.
 

 [5]
 

 . F.or cases . holding to. the contrary see Atlantic Gulf Supply Corporation v. McDonald, 171 So.2d 481 (La.App.4th Cir. 1965), where the Court of Appeal, Fourth Circuit, stated that it could find no authority requiring the clerk of the trial court to bill for costs of appeal, but held that the “established practice and custom of the trial court clerk * * * to give timely notice to an appellant of the cost of appeal due and of the extended return date by service * * * ” would prevail over the positive law, and it refused to dismiss the appeal. American Tile and Terrazzo Company v. Keiler, 194 So.2d 743 (La.App.4th Cir. 1966); Desselle v. Petrossi, 203 So.2d 567 (La.App.4th Cir. 1967) ; Solomon v. Hickman, 213 So.2d 96 (La.App.1st Cir. 1968). Mathies v. Fruehauf Trailer Co., 170 So.2d 785 (La.App.1st Cir. 1964), is distinguishable, for there time
 
 *592
 
 ly tender of payment was refused by the clerk, certiorari refused by the Supreme Court, 247 La. 313, 170 So.2d. 664, since tlie judgment was not final.
 

 [6]
 

 . See also Matlock v. Allstate Insurance Company, 153 So.2d 776 (La.App.3rd Cir. 1963) ; American Steel Building Company v. Brezner, 155 So.2d 83 (La.App.3rd Cir. 1963) ; and Downey v. Bellue, 178 So.2d 778 (La.App.1st Cir. 1965). The language quoted in Fruehauf from Matlock v. Allstate, supra, that the purpose of Article 2126 “ * * * is simply to assist the trial court to receive such fees and costs in time to file the record in the appellate court by the return day * * * ” is an oversimplification and may be misleading. We conclude that this provision is far more encompassing and purposeful. We note also an inference in some of the jurisprudence that Article 2126 is used or needed to assure the trial court clerk’s costs of transcript, etc. Note the final Official Revision Comment under Article 2126, with which we agree, that Article 2124 adequately secures these costs.
 

 [7]
 

 . The following Court of Appeal cases are in accord: Manuel v. Travelers Insurance Company, 131 So.2d 223 (La.App.3rd Cir. 1961); Jackson v. Dupont, Inc., 140 So.2d 463 (La.App.1st Cir. 1962) ; Brasher v. Department of Highways, 151 So.2d 542 (La.App.1st Cir. 1963), certiorari refused by the Supreme Court, 244 La. 209, 151 So.2d 495, with the comment: “We find no error of law in the judgment of the Court of Appeal”; Revere v. Wiregrass Gas & Appliance Co., 169 So.2d 120 (La.App.1st Cir. 1964) ; Robertson v. Nowalsky, 169 So.2d 227 (La.App.4th Cir. 1964) ; McMillen Feeder Finance Corporation v. Thompson, 171 So.2d 827 (La.App.3rd Cir. 1965), certiorari refused by the Supreme Court, 247 La. 715, 174 So.2d 130, with the comment: “There is no error of law
 
 *596
 
 in the judgment complained of”; Audubon Insurance Company v. Carter, 192 So.2d 201 (La.App.1st Cir. 1966) ; Johnson v. Patout, 199 So.2d 199 (La.App.3rd Cir. 1967); Knighten v. Knighten, 223 So.2d 501 (La.App.1st Cir. 1969).