REGAN, Judge.
This is a motion by the defendants-ap-pellees, Florian M. Shall, Shannon Harri *76 son, Floyd R. Charrier, Eva Wehrman, wife of/and Nicholas H. Debelo, Oscar O. Silvera, Edith Silvera, wife of Lester F. Bailey, Gladys A. Thomas, Charles A. Hennegan, Dominic L. Congemi, Blanche Bellamore, Marie Antoinette Helene Bella-more, wife of Dr. George Sourgeron, Marie Louise G. Bellamore, divorced wife of Dr. Mortimer Silvey and Katie Charrier, wife of Charles Marshall, to dismiss the appeal of the plaintiff, Delaware Improvement Corporation, against whom they obtained a judgment recognizing the title of the defendants to be superior to that of the plaintiff and declaring them to be the true and lawful owners of property as their respective interests appeared and were recorded in the title thereto. Judgment was rendered on September 5, 1969, denying plaintiff’s motion for a new trial. An appeal was taken timely and the original return date was set for January 30, 1970. Subsequently, the clerk of the trial court obtained ten extensions of time on the return date, the last return being fixed for November 27, 1970.
The record discloses, and it is established ■ in this court by affidavit of the clerk of the trial court, that on July 14, 1970, the district court, pursuant to a rule filed by the defendants, ordered the plaintiff to file an increased surety bond and to pay the court reporter for her transcription of a substantial portion of the record. The remainder of the transcript, which consisted of approximately 347 pages, was completed, and the attorney for the plaintiff was billed therefor on October 20, 1970, at which time the clerk could have completed the record had the fees of the clerk’s office and the charges of the court reporter been paid by appellants. Because they had not been paid, he obtained an extension of the return date to November 27, 1970. On November 5, 1970, the clerk mailed to Charles L. Seemann, attorney of record for the plaintiff, a statement for the total amount due with a notation that the return date was November 27, 1970 at 4:00 P.M. On November 27, 1970, the record was actually lodged in the Court of Appeal, Fourth Circuit.
The defendants contend that this appeal should be dismissed because of the failure of the appellant to comply with the mandatory provisions that the clerk of the trial court be paid the cost and fees of lodging the appeal not later than three days prior to the extended return date as required by Louisiana Code of Civil Procedure Article 2126 which reads as follows:
“The appellant shall pay to the clerk of the trial court, not later than three days prior to the return date or extended return date, all costs of preparing the record on appeal, and the filing fee required by the appellate court to lodge the appeal.”
The plaintiff-appellant argues that the law favors appeals and an appeal should not be dismissed on technical grounds, and although the costs were not paid three days before the return date, they were actually paid and the record was lodged in the Court of Appeal on the return date and therefore the question is now moot.
In the case entitled Louisiana Power & Light Company v. Lasseigne,[1] the organ for the Supreme Court pronounced that in conformity with the rationale of R.S. 13:4445 and Articles 2125, 2126 and 2127 of the Code of Civil Procedure, it is the mandatory duty of the appellant to pay the appellate fees and costs to the clerk of the trial court not later than three days before the return day, or extended return day, and if the appellant omits to pay these fees timely, any delay in lodging the record of appeal in the appellate court is imputable to the appellant. The court further held that any action of the trial court upon an application for the extension filed after the last extended return day is without legal effect since that court is then without jurisdiction and for that reason, the appeal was dismissed as not timely filed.
*77 The law is well settled that appeals are favored and are to be dismissed only when clearly required by law, and under Article 2161 a motion to dismiss an appeal shall be granted only if the irregularity, error or defect is imputable to the appellant.[2]
In Matlock v. Allstate Insurance Company,[3] Desselle v. Petrossi,[4] and Frue-hauf Trailer Company v. Baillio,[5] the identical question that is before us was posed for the court's consideration. We reasoned that while the clerk is not requirecl to lodge the record with the appellate court unless the costs and fees are paid, nevertheless, if the clerk does timely file the record in the appellate court, together with the payment of the court's filing fee, then the question of the appellant’s failure to comply with Article 2126 of the Code of Civil Procedure becomes moot, since the purpose of the article is simply to assist the clerk of the lower court to receive such fees and costs in time to file the record in the appellate court by the return day.[6]
In this case, the defendant has made no showing that the record was not lodged in the appellate court timely or that the fees of the appellate court were not paid timely. Since the clerk filed the appeal timely and paid the cost of lodging the appeal, the question of the prior payment of cost by the plaintiff is now moot, and the defendants cannot now avail themselves of this technicality.
For the foregoing reasons, the defendants’ motion to dismiss is denied.
The assessment of costs is to await the final determination hereof.
Motion denied.

. 255 La. 579, 232 So.2d 278.

. Louisiana Power & Light Company v. Lasseigne, 255 La. 579, 232 So.2d 278 (1970); Fruehauf Trailer Company v. Baillio, 252 La. 181, 210 So.2d 312 (1968).

. 153 So.2d 776 (La.App.1963).

. 203 So.2d 567 (La.App.1967).

. 252 La. 181, 210 So.2d 312 (1968).

. See also American Steel Building Co. v. Brezner, 155 So.2d 83 (La.App.1963), where the court reached an identical conclusion.