287 So.2d 817 (1974)
TROPICANA HOTEL AND COUNTRY CLUB
v.
Vincent DANTONI and Alice Dantoni.
No. 9740.
Court of Appeal of Louisiana, First Circuit.
January 9, 1974.
Robert E. McDonald, New Orleans, for appellant.
Gerard E. Kiefer, Baton Rouge, for appellees.
Before LOTTINGER, ELLIS and BLANCHE, JJ.
BLANCHE, Judge.
Defendants-appellees filed a motion to dismiss the appeal pursuant to Code of Civil Procedure Articles 2126 and 2161.[1] We issued a Show Cause Order as a consequence thereof on November 6, 1973. The appellant has not responded thereto. In support of the motion, appellees attached certified copies of the clerk's cost sheet showing the costs and fees due. Also attached to the motion was an affidavit of Lawrence D. Owens, Deputy Clerk of Court of the 19th Judicial District Court, which stated that on October 26, *818 1973, he telephoned counsel for appellant and advised him of the court costs and filing fees due. Additionally, he answered that said costs and filing fees had not been paid as of the date of the affidavit, which was November 13, 1973. The record has not been lodged in this Court. Plaintiffappellant filed a motion for a devolutive appeal on September 4, 1973, which appeal was made returnable to this Court on November 1, 1973. Since November 1, 1973, was a holiday, the return day was the next day, or November 2, 1973.
The foregoing considered, the appellant should have paid the costs and filing fee on or before Monday, October 29, 1973, which date was three days (excluding the holiday) prior to the return date.
The appeal must be dismissed for appellant's failure to pay the costs and fees before three days of the return date. Though appeals are favored in law, under the authority of Civil Code of Procedure Article 2161 a motion to dismiss an appeal shall be granted if the irregularity, error or defect in perfecting the appeal is imputable to the appellant. It is the mandatory duty of the appellant to pay these fees and costs not later than three days before the return date or extended return date, and if he does not, any delay in lodging the record of appeal in the appellate court is imputable to him. Louisiana Power & Light Company v. Lasseigne, 255 La. 579, 232 So.2d 278 (1970). The clerk is not required by law to notify the appellant of these costs as a condition precedent to the imputation of fault on appellant's part. This is true because the legislature intent as expressed in Code of Civil Procedure Articles 2126, 2127, 2161 and R.S. 13:4445(A) places the responsibility for appellate costs with the appellant. We quote the Louisiana Supreme Court, accordingly, in the case of Louisiana Power & Light Company v. Lasseigne, supra, as follows:
"* * * Our law does not require billing for appellate costs and fees by the clerk, but to the contrary it requires timely tender by the appellant of these costs and fees to the clerk." (Louisiana Power & Light Company v. Lasseigne, 232 So.2d 278, 283.)
For these reasons, the appeal is dismissed, at the cost of plaintiff-appellant.
Appeal dismissed.
NOTES
[1] Article 2126 of the Code of Civil Procedure provides:

"The appellant shall pay to the clerk of the trial court, not later than three days prior to the return day or extended return day, all costs of preparing the record on appeal, and the filing fee required by the appellate court to lodge the appeal."
Article 2161 of the Code of Civil Procedure provides:
"An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later."