321 So.2d 786 (1975)
C. B. MABOU, Plaintiff-Appellee,
v.
THOMAS JEFFERSON INSURANCE COMPANY et al., Defendants-Appellants.
No. 5268.
Court of Appeal of Louisiana, Third Circuit.
November 14, 1975.
Bolen, Halcomb & Bolton, by Gregory S. Erwin, Alexandria, for defendants-appellants.
Gist, Methvin & Trimble by John W. Munsterman, Alexandria, for defendant-appellee.
Ralph W. Kennedy, Jr., Alexandria, for plaintiff-appellee.
Before CULPEPPER, MILLER and DOMENGEAUX, JJ.

ON MOTION TO DISMISS APPEAL
CULPEPPER, Judge.
The defendant-appellant, Thomas Jefferson Insurance Company, moves to dismiss the appeal of the defendant-appellant, Reliable Finance Company, on the grounds that the appeal was not timely perfected in that the order of appeal and appeal bond were not timely filed, and that the costs due to the trial clerk and the fee due the clerk of this court have not been paid. The plaintiff-appellee, C. B. Mabou, has also filed a motion to dismiss the appeal of the defendant-appellant Reliable Finance Company, on the same grounds.
The pertinent facts, briefly stated, are as follows: The plaintiff-appellee, C. B. Mabou, originally filed suit against Thomas Jefferson Insurance Company, who in turn filed a third-party demand against Reliable Finance Company. The plaintiff-appellee then filed an amended petition naming Reliable Finance Company as a party defendant. On the completion of the trial of this case the trial court rendered a judgment in *787 favor of the plaintiff against Thomas Jefferson Insurance Company and Reliable Finance Company. The defendant, Thomas Jefferson Insurance Company was also given a judgment against Reliable Finance Company on their third-party demand against Reliable Finance Company. A Formal Judgment was signed on May 14, 1975.
On May 20, 1975, the defendant-appellant Thomas Jefferson Insurance Company obtained an order for a suspensive appeal, the return date of which was fixed for August 28, 1975. The appeal bond was filed on May 20, 1975, and on July 14, 1975, submitted, after inquiring of the Clerk the amount thereof, the cost of lodging the appeal with this court.
The defendant-appellant, Reliable Finance Company, did not file its motion for an appeal and its appeal bond until October 7, 1975. A history of the reason for this late filing is as follows. On May 27, 1975, counsel for Reliable Finance Company sent a motion for a suspensive appeal and a suspensive appeal bond to the Pineville City Court by means of a messenger, a Mr. John Ashley, an employee of the defendant, Reliable Finance Company. Evidently his instructions were to have the Judge sign the order for appeal and then to file the motion for appeal with the attached bond. On arriving at the City Court's Clerk's office Mr. Ashley was informed that Judge Lee was not in, but that he could be reached at his private office. Mr. Ashley then proceeded to Judge Lee's private office and upon arriving there was informed by an employee in the law firm of Holt, Wagner and Lee, that Judge Lee was not in, but that he, Mr. Ashley, could leave the Motion with her and she would have Judge Lee sign it. Mr. Ashley then left both the Motion and bond with this secretary.
On May 28, 1975, counsel for the defendant-appellant Reliable Finance Company received a letter from Judge Lee which read in pertinent part as follows:
"I have signed the motion for appeal in the captioned matter, which is returnable to the Court of Appeal, Third Circuit on the 21st day of July, 1975, the bond to be in the amount of $2,049.69.
"I have made arrangements with M & S Court Reports to transcribe the testimony, but it must be fully understood that your client and Mr. Erwin's client are to pay all costs of the transcription. The appeal will not be lodged until all costs are paid."
Counsel admits that he assumed from this letter that Judge Lee had not only signed the order of appeal, but that he had had the motion for appeal and the appeal bond properly filed, and that it was not until some time early in October that he discovered that the motion for appeal and bond were still at Judge Lee's private office.
Counsel for the defendant-appellant Reliable Finance Company admits that he has never tendered to the Clerk of the City Court at any time the costs of preparing the transcript and the fee due the Clerk of this court for filing the record.
Again, before proceeding further, it is necessary to regress further into the history of this litigation. Shortly before the return date, the Clerk of the City Court, Mrs. Bettye DeKeyzer, informed the parties that the transcribing machines were not working properly, and that she would not be able to complete the transcript of testimony, and therefore, she would not be forwarding the appeal to this court.
The appellant-relator then sought to obtain a Writ of Mandamus from the trial court ordering the Clerk of the City Court of Pineville to transmit what record there was in this case to this court, but the trial judge refused on the ground that he had offered the appellant a new trial, which he had apparently refused, and the return date *788 having passed he now considered the matter complete.
Thomas Jefferson Insurance Company then sought writs to this court, which this court granted, and thereafter issued the following order:
"WRIT GRANTED. The Clerk of the City Court of Pineville is hereby ordered to transmit to this court what record exists in this case to this court immediately. The court was divested of jurisdiction under LSA-C.C.P. art. 2088, and was without authority to issue any orders thereafter."
After writs were granted, but before the record in this case was lodged with this court, counsel for Thomas Jefferson Insurance Company and Reliable Finance Company entered into a joint stipulation whereby they agreed that in lieu of remanding the case for the taking of further testimony, or a stipulation of facts among counsel, that the written reasons assigned by Judge Lee and filed into the record would constitute the facts of this case. On October 14, 1975, the record was lodged with this court. We note here that no filing fee in relation to the defendant-appellant Reliable Finance Company was or has been since forwarded to this court.
After the record was lodged with this court the defendant-appellant Thomas Jefferson Insurance Company and the plaintiff-appellee, C. B. Mabou, timely filed motions to dismiss the appeal of the defendant-appellant Reliable Finance Company.
We need not pass on the question of whether or not Reliable Finance Company was misled into believing that its motion for appeal and appeal bond were timely filed, as we believe that the mover's second contention that Reliable Finance Company appeal must be dismissed because they failed to timely tender the costs of preparing the record of appeal and the filing fee due to the Clerk of this Court, has unquestionable merit.
La.Code of Civil Procedure, Art. 2126 provides as follows:
"The appellant shall pay to the clerk of the trial court, not later than three days prior to the return day or extended return day, all costs of preparing the record on appeal, and the filing fee required by the appellate court to lodge the appeal."
Counsel for Reliable Finance Company argues that he did not tender cost because he did not know whether or not the transcript appeal would be forwarded to this court because the clerk had informed him that portions of the testimony had not been transcribed due to mechanical failure. We cannot accept this argument. Counsel was aware of the return date and it was his duty to timely tender these fees. Besides, Judge Lee's decision not to have the Clerk forward the record was not made until after the time these costs and fees became due.
Neither can we accept counsel's argument that he never tendered these fees because he was never "advised by the Clerk of the Pineville City Court that a transcript was or had been prepared or what the costs of preparing the transcript would be." Our law does not require billing for appellate costs and fees by the clerk, but to the contrary, it requires timely tender by the appellant of these costs and fees to the Clerk. It is incumbent upon the appellant to keep informed of the return date or extended return dates and the amount he must pay as costs of appeal. Louisiana Power and Light Company v. Lasseigne, 255 La. 579, 232 So.2d 278 (1970); Succession of Dehart, 272 So.2d 781 (La.App. 3 Cir. 1973).
For the reasons assigned the appeal of the defendant-appellant Reliable Finance Company is hereby dismissed at their cost.
Appeal dismissed.