REDMANN, Judge.
Defendants move dismissal of this appeal on the ground that the record was not lodged in this court until almost a year after the return day, and the costs and appellate filing fee were not paid to the trial court clerk three days prior to the “return day or extended return day,” C.C.P. 2126.
The circumstances are that appellants timely filed an appeal bond which the clerk’s office misplaced. As a result of that misplacing, the court reporter did not transcribe the testimony.
It is the trial clerk’s duty, art. 2127, to lodge the record with this court by the return day upon timely payment to him of costs and fee. The return day may be extended, art. 2125, “on the application of the clerk, or of the deputy clerk preparing the record of appeal.” “Failure of the clerk to prepare and lodge the record on appeal either timely or correctly shall not prejudice the appeal”; art. 2127. “An appeal shall not be dismissed because of any irregularity, error or defect unless it is imputable to the appellant”; art. 2161.
The practice in some courts in our jurisdiction is that, once the appeal bond is filed, the clerk will obtain extensions of the return day if the court reporter has not yet prepared the transcript of testimony. Once the transcript is prepared, counsel is notified or can otherwise learn of its cost and then — for the first time — is placed in a position to fulfill the obligation to pay the costs. (In fact, at the time of this appeal court reporters in Jefferson Parish typically obtained from an appellant an advance deposit to cover the transcript cost, and would not begin transcribing until the deposit was made; see Lewis v. Collins, La.App. 4 Cir. 1976, 329 So.2d 485.) Moreover, multiple extensions of return days totaling a year are not uncommon.
Here, the court reporter’s failure to file the transcript until over 11 months after the return day appears not to be attributable to any fault of appellants. Had the clerk not misplaced appellants’ bond, the court reporter would presumably have transcribed the testimony and the clerk would have prepared the record and (as a matter of practice, though not law) billed appellants for the transcript and other charges, obtaining any necessary extensions of return day. We surely cannot dismiss an appeal by supposing that appellants would not have paid the costs forthwith had they been able to know the amount.
This case differs from Louisiana Power & L. Co. v. Lasseigne, 1970, 255 La. 579, 232 So.2d 278, in which the transcript was prepared ten months before the last (valid) extended return day. There it was not failure to prepare the transcript (a fault not attributable to appellant), but failure to provide, for an already-prepared transcript, “necessary documents or exhibits in the possession of appellant” (a fault expressly held attributable to appellant, 232 So.2d at 282), which caused the failure to lodge the record by the return day or extended return day.
Motions denied.