COVINGTON, Judge:
This court, ex proprio motu, issued an order for the parties to show cause why the appeal should not be dismissed as untimely.
A chronology of pertinent events indicates that the trial court’s judgment was signed on March 29,1976, an order of devol-utive appeal was signed on June 7, 1976, with the return day fixed for July 30, 1976, and the requisite bond was filed on June 25, 1976. On July 21, 1976, on motion of the Clerk of Court, with his attached affidavit that the testimony had not been received, the return date was extended for 60 days from July 30, 1976; on September 20, 1976, again on motion of the Clerk and with his accompanying affidavit that the testimony[1] had not yet been received, the return day was extended for an additional 60 days from September 28, 1976. Therefore, the last extended return day was November 27, 1976, which was on a Saturday, so the record should have been lodged no later than Monday, November 29, 1976. However, it was not filed until December 6 because the appellant did not pay the Clerk’s costs timely. The plaintiff filed an answer to the appeal on December 20.
In response to the show cause order, the appellant filed a brief to which was attached two affidavits. One was made by the counsel’s law clerk and was to the effect that, at the request of a member of the firm, he had determined that the appeal bond had been filed and that the extended return day was “Thirty (30) days from the first return day which was July 28, 1976. I was secondly so instructed to inquire in early September, 1976. Pursuant to said instructions, I determined that the return day had once again bee (sic) extended to September 28, 1976.” Obviously, this affidavit contains erroneous information. The other affidavit was by a former secretary of the law firm; she deposed that on or about June 14, 1976, she, at counsel’s request, contacted a member of the staff of the Clerk of Court and was informed that the costs had not yet been tabulated and that “our office would be informed of the costs in the matter once they had been tabulated.” This was some five months prior to the ultimate extended return date.
*1060 In his brief, appellant’s counsel states: “Finally, relying on the promise of the Clerk to notify, appellant allowed the fourth (4th) consecutive return day, which was unknown to him, to pass. Appellant had been aware of the three (3) previous return days but not the fourth.” The record reflects only three such return days, i. e., the original one and the two extensions thereof — there was no fourth one.
While appeals are favored in law, this court stated, in Tropicana Hotel and Country Club v. Dantoni, 287 So.2d 817 (1974):
“[U]nder the authority of the Civil Code of Procedure Article 2161 a motion to dismiss an appeal shall be granted if the irregularity, error or defect is imputable to the appellant. It is the mandatory duty of the appellant to pay these fees and costs not later than three days before the return date or extended return date, and if he does not, any delay in lodging the record of appeal in the appellate court is imputable to him. Louisiana Power & Light Company v. Lasseigne, 255 La. 579, 232 So.2d 278 (1970). The clerk is not required by law to notify the appellant of these costs as a condition precedent to the imputation of fault on appellant’s part. This is true because the legislature (sic) intent as expressed in Code of Civil Procedure Articles 2126, 2127, 2161 and R.S. 13:4445(A) places the responsibility for appellate costs with the appellant. We quote the Louisiana Supreme Court, accordingly, in the case of Louisiana Power & Light Company v. Lasseigne, supra, as follows:
‘ * * * Our law does not require billing for appellate costs and fees by the clerk, but to the contrary it requires timely tender by the appellant of these costs and fees to the clerk.’ (Louisiana Power & Light Company v. Lasseigne, 232 So.2d 278, 283.)”
Also, see Mabou v. Thomas Jefferson Insurance Company, 321 So.2d 786 (La.App. 3 Cir. 1975).
It has not been shown that the failure to timely pay the costs and fees should not be imputed to the appellant.
Accordingly, the appeal is dismissed at appellant’s cost.
APPEAL DISMISSED.

. Ninety-six pages long.