DOUCET, Judge.
MOTION TO DISMISS
The plaintiff-Appellee, Felix Dupre, moves to dismiss the appeal of the defendant-appellant, Land Resources, Inc., on the grounds that the transcript was not lodged on the return date as set by the trial court nor was any extension applied for by the appellant thus making the appeal untimely.
We dismiss the defendant-appellant’s appeal.
Plaintiff-Appellee, Felix Dupre, filed suit on June 2, 1976 against defendant-appellant, Land Resources, Inc., for damages resulting from drilling operations. Judgment was signed in favor of plaintiff-appellee on March 3, 1981. Notice of judgment was mailed to all counsel of record on March 10, 1981. Defendant-appellant filed this appeal on April 29, 1981, with the return date set for June 26,1981. On May 25, 1981, the attorney for defendant-appellant wrote a letter to the Clerk of Court directing him to discontinue the preparation of the appeal as the suit was going to be settled.
On August 20, 1981, defendant-appellant filed a motion and order requesting that a new return date be set as he now wished to continue with the appeal. The order was granted setting a new return date to this court on October 13, 1981. The record was finally lodged with this court on December 14, 1981. On December 14, 1981, plaintiff-appellee filed this motion to dismiss this appeal as untimely.
The appeal must be dismissed for appellant’s failure to have the transcript lodged before the return date. Though appeals are favored in law, under LSA-C.C.P. art. 2161 a motion to dismiss an appeal shall be granted if the irregularity, error or defect in perfecting the appeal is imputable to the appellant. Appellant in effect abandoned his appeal when he directed the clerk to discontinue the preparation of the appeal. Because of this action by appellant the transcript was not lodged on the return date as originally fixed by the trial court, nor was a timely extension applied for. One cannot renew his appeal after he has abandoned the same. The failure of the clerk to have the record lodged on or before the return date is clearly due to the fault of the appellant.
*1315 Furthermore, the action of the trial court extending the return date to October 13, 1981, was without effect. There is no authority in law for a retroactive extension of a return date by the trial court. Louisiana Power & Light Company v. Lasseigne, 255 La. 579, 232 So.2d 278 (1970).
For these reasons, the appeal is dismissed at the cost of defendant-appellant.
APPEAL DISMISSED.