ON MOTION TO DISMISS
REGAN, Judge.
This is a motion by the plaintiff and appellee, Julian J. Loeb, to dismiss the appeal of the defendant, against whom he obtained a judgment in the lower court in the amount of $10,000.00.
The record discloses that a judgment was rendered herein on June 4, 1969, and that judgment was rendered on July 7, 1969, denying the defendant’s motion for a new trial. An appeal was taken timely and the original return date was set for September 29, 1969. Subsequently, the clerk of the trial court obtained three extensions of time on the return date, the last return date being fixed for March 27, 1970.
*134 The record discloses, and it is established in this court by affidavit of the clerk of the trial court, that the attorney for the defendants was billed for the court costs due and instructed to send copies for the duplicate record on February 13, 1970, and March 16, 1970. In both bills he was notified that the return date for the appeal was March 27, 1970. Moreover, the affidavit of the clerk of the trial court further reveals that as of April 2, 1970, the defendant’s attorney had not paid his costs, furnished copies of documents necessary for compiling the duplicate record, nor paid the deposit required by this court.
In reply to the plaintiff’s motion, the defendant asserts that he paid a bill from the court reporter for the transcript of the trial. However, the opposition of the defendant assiduously avoids the question of having received a bill and notification of the return date.
In the very recent case of Louisiana Power & Light Company v. Lasseigne,[1] the organ for the Supreme Court pronounced that in conformity with the rationale of R.S. 13:4445 and Articles 2125, 2126 and 2127 of the Code of Civil Procedure, it is the mandatory duty of the appellant to pay the appellate fees and costs to the clerk of the trial court not later than three days before the return day, or extended return day. If the appellant omits to pay these fees timely, any delay in lodging the record of appeal in the appellate court is imputable to the appellant. The organ for the Supreme Court also pointed out that Louisiana law does not require the clerk of the appellate court to bill the appellant for costs and fees connected with an appeal; moreover, it is incumbent upon the appellant to keep informed of the return date or extended return dates and the amounts which he must pay as costs of the appeal. Timely payment or tender of payment must be made in accordance with these rules under penalty of the appellant’s loosing his appeal.
It is clear in this case that the appellant simply did not pay his appellate costs to the clerk of the trial court timely and that the subsequent failure of the clerk to lodge the appeal on or before the extended return date was imputable to the appellant’s nonpayment of these fees and costs.
For the foregoing reasons, the appeal herein prosecuted by the defendant is dismissed.
Appeal dismissed.

. 255 La. 579, 232 So.2d 278 (1970).