TAYLOR, Judge.
This is a motion by the defendant, ap-pellee, Mrs. Roslyn Lepow Gordon, to dismiss the appeal of the plaintiff, Donald Gordon, appellant.
The record discloses that a judgment on a motion to fix the value of the community interest of Mrs. Roslyn Lepow Gordon and to withdraw funds was rendered on February 6, 1970.
A suspensive appeal was timely taken and the original return date was set for April 15, 1970. The Clerk of Court subsequently obtained six extensions on the return date, the last return date being September 29, 1970.
An affidavit dated November 23, 1970 by a deputy clerk of the trial court certifies that this case has been appealed and further that costs have not been paid to the district court and neither has the filing fee for the Fourth Circuit Court of Appeal.
The appellant answered and argues that extensions were secured by the Clerk of Court and appellant was not notified on any occasion. He further alleges that on September 18, 1970 the trial court, ex proprio motu, did issue an order commanding appellant to pay the costs of the transcript on or before September 28, 1970, nineteen days prior to the expiration of the last extension granted to the Clerk of Court for the lodging of the appeal, under penalty of no further extensions being granted and further no notice was served on the appellant. He further alleges that appellant was lulled into a sense of false security by the extensions. The appellant has not denied that these costs were not paid. Furthermore appellant received notice of the signing of the order of September 18, 1970 relative to payment of costs as evidenced by the certified copy of the “certificate of mailing judgment” which appellee has annexed with the motion to dismiss.
In a recent case of Loeb v. Badalamenti et al., La.App. 235 So.2d 133 (1970), in passing on a motion to dismiss for failure to pay the costs, the court said:
“In the very recent case of Louisiana Power & Light Company v. Lasseigne, 255 La. 579, 232 So.2d 278, the organ for the Supreme Court pronounced that in conformity with the rationale of R.S. 13:4445 and Articles 2125, 2126 and 2127 of the Code of Civil Procedure, it is the mandatory duty of the appellant to pay the appellate fees and costs to the clerk of the trial court not later than three days before the return day, or extended return day. If the appellant omits to pay these fees timely, any delay in lodging the record of appeal in the appellate court is imputable to the appellant. The organ for the Supreme Court also pointed out that Louisiana law does not require the clerk of the appellate court to bill the appellant for costs and fees connected with an appeal; moreover, it is incumbent upon the appellant to keep informed of the return date or extended return dates and the amounts which he must pay as costs of the appeal. Timely payment or tender of payment must be made in accordance with these rules under penalty of the appellant’s losing his appeal.”
In this case it is clear that the appellant did not pay his appellate costs to the clerk of the trial court timely and his appeal must be dismissed.
For the foregoing reasons, the appeal herein prosecuted by the plaintiff is dismissed.
Appeal dismissed.