TUCKER, Judge.
ON MOTION TO DISMISS APPEAL
Plaintiff-appellee, Wallace A. Edwards, moves to dismiss the appeal of defendant-appellant, Marion Larose Edwards, from a judgment signed by the trial judge on November 22, 1971, which ordered a partition by licitation of the community property acquired by the two litigants during their erstwhile marriage. An order of appeal was signed by the trial court on November 29, 1971 granting defendant-appellant a suspensive appeal to this court, returnable on or before January 24, 1972.
In his motion appellee sets forth the clerk of the lower court made no application for an .extension of the return date, and that the costs of preparing the record for appeal and the filing required by this court were not paid, and such costs had not been paid when this motion was filed.
The appellee urges that the failure of the clerk to lodge this appeal timely is attributable to the fault of the appellant in failing to pay the above mentioned fees on time, and, therefore, that the appeal should be dismissed.
The appellant, on the other hand, contends that the record was not filed on the return day on account of the clerk’s failure to obtain an extension of the return date, when he knew that the record would not be prepared in time to be filed with this appellate court on January 24, 1972, and appellant further states that since the record was not complete, there was no way for her to determine what amount of costs were due the clerk for preparing the transcript *683 of the record. Therefore, appellant maintains that she could not comply with that provision of the law which requires appellant to advance these costs three days before the return day.
There is nothing before us to indicate the record ever was completed, and, as a matter of fact, the converse is true in that the transcript of the testimony by the court reporter was not finished before the return day. Incidentally appellant does not claim that the record was completed before the return day.
The issue is clear cut, and we quote the pertinent provisions of the Code of Civil Procedure and the Revised Statutes which bear upon a proper analysis and determination of the problem involved:
C.C.P. Article 2126: “The appellant shall pay to the clerk of the trial court, not later than three days prior to the return day, all costs of preparing the record on appeal, and the filing fee required by the appellate court to lodge the appeal.”
C.C.P. Article 2127: “The clerk of the trial court shall have the duty of preparing the record on appeal. He shall cause it to be lodged with the appellate court on or before the return day or any extension thereof, upon the timely payment to him by the appellant of all fees due in connection with the appeal, including the filing fee required by the appellate court to lodge the appeal. Failure of the clerk to prepare and lodge the record on appeal either timely or correctly shall not prejudice the appeal."
C.C.P. Article 2161 reads in part: “An appeal shall not be dismissed because of any irregularity, error, or defect unless it is imputable to the appellant. * * *”
LSA-R.S. 13:352 provides in part: “The clerks of all of the courts of appeal shall charge the following fees: (1) For filing the record of appeal — twenty-five dollars * * *”
LSA-R.S. 13:4445 (A) reads in part as follows: “Not later than three days before the return day, or extended return day, of the appeal fixed by the trial court, the appellant shall pay to the clerk of the trial court: (1) The fees to be due the clerk of the appellate court for filing the record of appeal, under the applicable provision of R.S. 13:126 or R.S. 13:352; and (2) The cost of transmitting the record of appeal to the clerk of the appellate court and all other fees due the clerk of the trial court for preparing the record of appeal. * * *”
(All emphasis supplied)
We have examined the holdings in the cases on which the appellee relies for a dismissal of this appeal. In Louisiana Power & Light Company v. Lasseigne, 255 La. 579, 232 So.2d 278 (1970) the Supreme Court held that an appeal from a judgment rendered and signed on November 30, 1962, where the appeal was made returnable to the appellate court on April 19, 1963 and ten extensions were granted with the last of these extending the return date to December 1, 1964, should be dismissed for the reason that the failure to file the record with the appellate court was due first to the fault and negligence of the appellant to furnish the clerk with certain documents and exhibits in the possession of the appellant so that the record could be completed for filing. The evidence showed unequivocally that the transcript of the record was prepared and ready for filing with the appellate court on February 6, 1964, and the appellant had some ten months until three days prior to December 1, 1964 to pay the costs and file the exhibits. It is true that the Supreme Court, while recognizing the primary duty for obtaining extensions and filing appeals being reposed in the clerk of the trial court, recounted that a second reason for the dismissal of the appeal in Lasseigne was the mandatory duty imposed upon the appellant to tender or advance the costs three days prior to the return date or any extension thereof. A failure to pay such costs as required was held as imputable to the appellant and a ground for dismissal. How *684 ever, a footnote in Lasseigne on page 282 states to the effect that appellant issued his check, payable to appellant’s former attorney, to cover a billing from this attorney for the costs of the appeal, but the record did not show that the clerk ever received this check or other funds to defray these costs. It is interesting to note in Lasseigne that more than three years elapsed . . . December 1, 1964 to February 20, 1968 . . . during which time nothing was done by the appellant or anyone else about getting the appeal lodged in the appellate court. Certainly the facts in Lasseigne were more extreme than those extant in the instant case, and we are in wholehearted accord with the result in the dismissal of the appeal in the cited case. We think the language of the Supreme Court on the second count is based on the premise that the failure to pay the costs is the reason or cause for the record not having been lodged.
The present case is different from Lasseigne in that the record before us does not show that appellant’s failure to pay the costs is the reason that the record has not been lodged with this court.
The case of Martin v. Garlotte, 245 So. 2d 517 (La.App. 1st Cir. 1970) and 248 So. 2d 37 (La.App. 1st Cir. 1971) is not pertinent to the resolution of the issue here for the reason that in the cited case it was held that the failure of the appellant to pay the costs timely was the cause of the delay in filing the transcript of appeal. We note that the Supreme Court granted a writ of review in Garlotte, 259 La. 740, 252 So.2d 448 (1971). The case of Loeb v. Badalamenti, 235 So.2d 133 (La.App. 4th Cir. 1970) presents facts which are not similar to those here. In Loeb appellant obtained knowledge of the costs due for the filing of the appeal six weeks in advance of the extended return date and received a second notice two weeks prior to the return date.
In the present case the record was not sent to the appellate court because the testimony was not transcribed by the extended return day. The failure of the appellant to pay the costs had no bearing whatsoever on the clerk’s failure to lodge the appeal timely. The clerk has a clear and manifest duty to apply for an extension of the return date when the clerk cannot prepare the record timely, and when such delay is not caused by the appellant’s fault.
Two recent cases hold that, where the record contains no evidence that the failure of the court reporter to file timely a transcript of the testimony with the lower court clerk was the fault of the appellant, the motion to dismiss the appeal will be denied. See Gremillion v. Rinaudo, 240 So.2d 237 (La.App. 1st Cir. 1970) and Hebert v. Big Jim’s, Inc., 238 So.2d 273 (La.App. 3d Cir. 1970).
We do not say here that the appellant can escape her duty to pay the appeal costs in advance of the record being filed in the appellate court, but we believe that the appellant should be informed of the amount due so that she may discharge this responsibility when the record is prepared, completed and ready for filing.
For the foregoing reason appellant’s motion to dismiss this appeal is denied.
Motion to dismiss appeal denied.