STOULIG, Judge.
Defendants-appellees moved to dismiss plaintiffs-appellants’ appeal, alleging that the costs and fees required under C.C.P. art. 2126 were not timely paid. We deny the motion.
The chronological sequence of the trial court proceedings involved in the motion are:
February 25, 1975 - Order signed granting devolutive appeal to plaintiffs returnable April 10, 1975. Appeal perfected same day by posting prescribed bond of $250.
April 10, 1975 - Filing of application by clerk of court for an extension of the return date stating as the reason therefor “additional time is necessary to collect courts costs.” Order signed extending the return date for the filing of the transcript in the Court of Appeal to June 9, 1975.
May 25, 1975 - Transcript filed in the Court of Appeal.
July 7 and 8, 1975 - Motions to dismiss were filed by the respective defendants.
Although all costs were paid and the record was lodged before the extended return date of June 9, 1975, appellees claim the ex parte order obtained by the clerk of the district court extending the return date from April 10, 1975 was invalid. Movers urge that under C.C.P. art. 2125 an extension may only be granted for “sufficient cause” and the failure to pay costs of the appeal timely is not a sufficient cause.
In opposition to this motion, plaintiffs filed an affidavit of the appeals clerk responsible for preparing this record. It establishes plaintiffs could not pay costs within three days of the original return *306 date of April 10, because at that time the transcript was incomplete and the costs could not be determined and assessed. It further states plaintiffs’ counsel inquired about costs on April 3 and was told at that time the transcript would probably not be completed by the return date. Though it developed that the transcript was completed later in the afternoon of April 10 after an extension had been granted, the record was not lodged with the clerk of the Court of Appeal until May 27.
Thus it was impossible for plaintiffs to comply with the requirements of C.C.P. art. 2126 and pay all costs at least three days before the original return date expired on April 10.
An appeal may only be dismissed if an irregularity, error or a defect in perfecting an appeal is imputable to the appellant. C.C.P. art. 2161. In this case the deputy clerk of court in charge of appeals knew an extension was necessary in order to complete the transcript of the record for the appellate court and, in applying for one, she fulfilled the duty imposed on her by law. C.C.P. art. 2127. See Edwards v. Edwards, 268 So.2d 682 (La.App. 1st Cir. 1972).
Applying the reasoning of the Edwards case and the mandatory provisions of C.C.P. art. 2126 to the facts of the instant matter, the inescapable conclusion is that defendants’ contention is without merit. The failure of plaintiffs to pay the necessary transcript costs and filing fee before the expiration of the initial return date of April 10 was not due to a lack of diligence on the part of his counsel but to the inability of the clerk to ascertain the amount of these charges. The obligation then devolved upon the clerk of court to timely obtain an extension in order to determine the cost of the transcript and to afford the appellants the opportunity to comply with the mandatory provisions of C.C.P. art. 2126 that these charges be paid not later than three days prior to the return day or extended return day. This is precisely what the clerk did in the instant case. Though the reason for the extension may have been stated as requiring additional time to collect the court cost, based upon the affidavit of the deputy clerk of the civil district court submitted in support of plaintiffs’ opposition to the motion to dismiss, the additional time was in fact necessary or required to complete the transcript of the record to be lodged in the Court of Appeal. The affidavit further recites that for the same reason the clerk of court was unable to advise counsel for plaintiffs on April 10, 1975, the amount of the charges for preparing the record for appeal. The clerk of court in obtaining the extension only fulfilled the obligations imposed upon him under C.C.P. arts. 2125 and 2127. Plaintiffs complied with the mandatory requirements of C.C.P. art. 2126 by paying these costs and fees not later than three days prior to the extended return date of June 9,1975.
In view of our denial of the motion, any consideration of the issue raised by plaintiffs that the motion to dismiss was not timely filed within the three-day period prescribed by C.C.P. art. 2161 would be purely academic.
For these reasons the motion to dismiss is denied.

Motion denied.