LOTTINGER, Judge.
MOTION TO DISMISS
This is a motion to dismiss an appeal filed by the defendants on the grounds that the return day expired without the record being lodged or an extension granted and that the fees and costs payable by the appellant in accordance with LSA-R.S. 13:4445 and C.C.P. art. 2126 had not been paid no later than three days before the return day.
Judgment was rendered in this matter on April 30,1976, and a motion and order for a devolutive appeal was signed and filed on May 25, 1976 with the return date being fixed for July 19, 1976. By letter dated May 25, 1976, and signed by a deputy clerk of court, the attorney for the appellant was informed of the granting of his appeal, the return day and the amount of the bond. He was further informed that it would be his responsibility to pay for the transcript of testimony before it could be filed in the clerk’s office; that no extension of the return day would be taken by the clerk’s office for any reason; and that if there was any delay in the filing of the transcript into the record, it would be the appellant’s responsibility to have a motion and order for an extension signed by the appropriate judge.
The return day came and went, apparently without the transcript being filed in the record, and no extension of the return day was requested or granted. An extension of the return day was filed in the record on August 12, 1976, extending the return day from July 19 to September 15,1976, but the date that the extension was signed is not evident from the order, and it is argued by mover, and not disputed by appellant, that the extension order was signed after the expiration of the return day.
In opposition to the motion to dismiss, appellant argues, and in support thereof has filed affidavits by a deputy clerk of court as well as the court reporter, that he checked with the clerk of court several times prior, to the return day as to the amount of the costs but was informed that until the tran-, script was filed, it would be impossible for the clerk of court to estimate costs. Appellant was also informed by the court reporter that other transcripts preempted his, that it would be some time before the transcript in his case was completed, and that it was impossible to estimate the costs prior to completion.
Appeals are favored and are to be dismissed only when clearly required by law. Louisiana Power & Light Company v. Lasseigne, 255 La. 579, 232 So.2d 278 (1970), rehearing denied (1970). No appeal shall be dismissed because of any irregularity, error* or defect unless it is imputable to the appellant. LSA-C.C.P. art. 2161. It is the primary responsibility of the clerk of the trial *1344 court to lodge the record on appeal as well as secure any extensions of the return day. LSA-C.C.P. art. 2125; Louisiana Power & Light Company v. Lasseigne, supra.
That language contained in the letter of May 25, 1976, from the office of the trial court clerk informing appellant that the responsibility for seeking and obtaining extensions of the return day was on the appellant is invalid. It is the primary responsibility of the clerk of the trial court to obtain extensions of the return day, and this responsibility cannot be shifted to the appellant. Since we here hold that this language or any similar language attempting to shift this responsibility is invalid, we strongly recommend that this or similar language not be used in the future by clerks of trial courts, for it simply leads to confusion on the part of the clerk as well as the party litigants.
Mover relies heavily on the Lasseigne case and interprets it as enunciating an absolute rule that cost must be tendered timely to maintain the responsibility of the clerk of the trial court to obtain an extension of the return date. We do not agree with this interpretation of Lasseigne, but rather believe that the Supreme Court was simply applying applicable law to the facts as they found them.
In facts almost identical to the instant case, our Brethren on the Fourth Circuit in Musser v. Copping, 317 So.2d 304 (La.App.4th Cir. 1975), and this court in Edwards v. Edwards, 268 So.2d 682 (La. App.1st Cir. 1972) both held that where it was impossible for the clerk of the trial court to know the cost of preparing the record on appeal, it was not incumbent upon the appellant to deposit with the clerk of the trial court the cost necessary for the preparation of the record on appeal. As pointed, out above, in affidavits executed by a deputy clerk of court as well as the court reporter, it was impossible for the clerk of the trial court in this case to inform the appellant of the amount of the cost necessary, therefore, we now hold that it was not incumbent upon appellant to pay any cost to the clerk of the trial court no later than three days before the return day, but it was incumbent upon the clerk of the trial court to obtain an extension of the return day, and any failure to do so cannot be imputed to the appellant. For these reasons we deny the motion to dismiss the appeal.
Even though we have disposed of the issue of whether this appeal is to be dismissed, we notice another important issue which we deem necessary be disposed of. In its present posture, this matter has been appealed but no return day is presently fixed for the lodging of the record on appeal. The attempted extension of the return day by the trial court after the expiration thereof is invalid. Once the return day expires without the lodging of the record on appeal or an extension of the return day, the trial court loses the jurisdiction to extend the return day. LSA-C.C.P. art. 2088 and 2125; LSA-R.S. 13:4438; and Louisiana Power & Light Company v. Lass-eigne, supra.
It is the responsibility of all courts to exercise the authority granted them so as to guarantee that there will be a proper administration of justice. A portion of that administration of justice inherently vested in the courts of appeal is the orderly processing of appeals from the time of the judgment in the trial court to the final disposition by the courts of appeal. The purpose for fixing a return day for the lodging of the records on appeal is simply an attempt at guaranteeing that the participants in the preparation and lodging of the record will each perform his assigned duty as diligently and as conscientiously as possible by giving them a target date to meet. Without a time period within which to complete their task, time could be wasted and it could take months and years before records are eventually lodged in the appropriate appellate court. We know no useful purpose to be served by allowing this appeal to continue without a return day being fixed. To not do so would relieve the participants of any obligation to perform their assigned tasks of lodging this record with this Court as soon as possible.
*1345 In holding that the trial court loses its jurisdiction to grant an extension of the return day once the return day has expired without the record being lodged or an extension thereof being granted, the Supreme Court in the Louisiana Power & Light Company v. Lasseigne, supra said:
“Art. 2088 [Code of Civil Procedure], which states that the jurisdiction of the trial court over the matter reviewable on appeal ‘ * * * is divested and that of the appellate court attaches * * * ’, and which lists the only exceptions to that divestiture, is express, explicit, and mandatory. The right to have the return day extended is one of the exceptions enumerated in that article and more particularly defined in Article 2125 [Code of Civil Procedure] and in R.S. 13:4438. However, it is obvious that the trial court retains jurisdiction for the purpose of signing orders for extension of the return date only until the appeal is lodged or the return day passes.
“After the expiration of the return date the trial court is divested of any jurisdiction to ‘extend’ a return day. * * (Emphasis by Supreme Court).
There is no contention that the appeal bond has not been filed, and considering that judgment was rendered on April 30, 1976, that this motion was filed in this Court on August 27, 1976, and that the brief in support thereof was filed on September 15, 1976, we assume that the bond has been filed, thus divesting the trial court of jurisdiction except for those matters as set out in LSA-C.C.P. art. 2088.
Since the jurisdiction of the trial court as regards extensions of the return day has been divested, jurisdiction is in this Court. Prior to this past session of the Legislature the courts of appeal had no legislative authority to grant extensions of the return day. However, Act 426 of the 1976 Regular Session of the Louisiana Legislature amended and reenacted LSA-R.S. 13:4438 and LSA-C.C.P. art. 2125 to allow the trial court to grant only one extension of the return day not to exceed 30 days, and thereafter, any extensions of the return day are to be obtained from the appropriate appellate court. This act of the Legislature became effective October 1, 1976. Art. 3 § 19 La.Const. (1974).
Act 426 makes a basic change in the procedural law as it affects extensions of return days. It grants to the appellate courts jurisdiction to grant these extensions, however, it retains this jurisdiction in the trial court for one extension not to exceed 30 days. Even though Act 426 did not contemplate the situation as we have before us, that is, the expiration of a return day without any extensions, we would reason that it was the intention of the Legislature to vest in the appellate courts the jurisdiction to grant extensions of the return day either after the return day had expired without an extension, or after the return day had been extended by the trial court not to exceed 30 days, whichever came first. To rule otherwise would be to hold that the Legislature would have allowed appeals to be pending without any return date, and this we cannot believe the Legislature would have ever intended.
However, even though we here hold that this Court has the jurisdiction to grant extensions of the return day where the trial court has been divested of its jurisdiction for failure to grant an extension, the question comes to mind as to whether an extension can be granted after the return day has expired. In Lasseigne, supra, the Supreme Court reasoned that the trial courts could not grant extensions once the return day had expired because they were divested of jurisdiction citing LSA-C.C.P. art. 2088. However, the jurisdiction granted to the trial courts to extend the return day is only a retention of jurisdiction while the case is on appeal and prior to the record being lodged in the appellate court. The appellate court, however, has jurisdiction over the case as regards extension of the return day from the moment that the trial court is divested of jurisdiction until the case is disposed of by the court of appeal or jurisdiction assumed by the Supreme Court. Since this court has continuing jurisdiction over this case, there is no reason why the *1346 return day cannot be extended for sufficient cause even after the expiration thereof.
Therefore, for the above and foregoing reasons, IT IS ORDERED ADJUDGED AND DECREED that the motion to dismiss the appeal be and the same is hereby denied, IT IS FURTHER ORDERED ADJUDGED AND DECREED that the return day for the lodging of the record in this appeal be and the same is hereby extended to November 17, 1976, and IT IS FURTHER ORDERED AD JUDGED. AND DECREED that any applications for extensions of the return date herein granted be forwarded to this court in accordance with the rules as adopted and presently in effect. All costs of this proceeding are taxed to defendants-appellees’ mover.
MOTION DENIED AND RETURN DAY EXTENDED.