ON REHEARING
DENNIS, Justice.
A rehearing was granted in this proceeding to reconsider whether plaintiff’s appeal in the Court of Appeal should have been reinstated by this Court.
On August 5,1977 plaintiff moved for an appeal from an adverse judgment of the trial court which was made returnable on October 4, 1977. On September 26, 1977 a deputy clerk of court telephoned the office of appellant’s attorney and informed his secretary of the amount of costs due for the preparation of the record on appeal. On the return date the record was prepared for lodging in the court of appeal, but the required costs and fees had not been paid by the plaintiff. The clerk for the district court filed a motion for extension of the return date which was denied by the district court. On October 5, 1977 the defendant filed a motion to dismiss the appeal in the court of appeal on the ground that the record had not been lodged timely due to the plaintiff’s failure to pay the required costs and fees. Plaintiff opposed the motion to dismiss on the ground that the fail *179 ure to pay the fees and costs was not an irregularity imputable to him because the clerk of court failed to give him written notice of the costs due. The court of appeal granted defendant’s motion to dismiss the appeal.
On initial consideration, we granted plaintiff’s petition for writ of certiorari and reinstated the appeal. For the reasons hereinafter assigned, we have determined that we erred in our original decision. Accordingly, our order reinstating the appeal is vacated and the judgment of the court of appeal dismissing the appeal is affirmed.
The issue presented for our decision is whether an appellant’s failure to timely pay costs due is an error imputable to appellant justifying dismissal of his appeal if the record was not timely lodged after the clerk of court (1) unsuccessfully moved the trial court for an extension of the return date, and (2) failed to notify the appellant in writing of the costs due before the return date.
In furtherance of the policy favoring appeals Louisiana Code of Civil Procedure Article 2161 provides that an appeal shall not be dismissed because of irregularity, error or defect “unless it is imputable to the appellant.”[1] In Louisiana Power & Light Company v. Lasseigne [2] this Court held that it is the appellant’s responsibility to keep informed of the return date and of costs due and that his failure to pay appellate fees and costs timely “is an error imputable to the appellant.” [3] Recently, we qualified this rule in Davidge v. Magliola [4] by holding that the clerk of court must endeavor to preserve the appeal by seeking extensions of the return date and that the clerk’s failure in this regard is not imputable to the appellant but, instead, supersedes the appellant’s untimely payment of costs as the cause for a dismissal of the appeal.[5]
In the instant case the appellant failed to pay the fees and appellate costs timely. It is undisputed that the clerk of court fulfilled his duty to move for an extension of the return date in the district court. Appellant contends, however that the clerk of court did not fulfill a further obligation to notify appellant in writing that the costs were payable, citing several court of appeal decisions.[6] But we find that these decisions were at least impliedly overruled by Louisiana Power & Light Company v. Lasseigne wherein this Court stated:
“It is incumbent upon the appellant to keep informed of the return date and extended return dates and of the amount he must pay as costs of appeal. Timely payment or tender of payment must be made in accordance with law under penalty of the appellant’s losing his appeal.” 255 La. 596, 232 So.2d 284.
Accordingly, at the time of the appeal and return date in the instant case, the clerk of court was not required to send appellant written notice of the amount of costs due.[7] *180 The appellant therefore lost its appeal because its failure to pay the costs timely was an error imputable solely to the appellant.
Since the court of appeal’s decision was correct, its judgment dismissing the appeal is affirmed. Costs in this Court are assessed to appellant.
MARCUS, J., dissents.
TATE, J., dissents and assigns reasons.

. La.C.C.P. art. 2161 provides:
“An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is-lodged in the appellate court, whichever is later.”

. 255 La. 579, 232 So.2d 278 (1970).

. Id. 232 So.2d 283.

. 346 So.2d 177 (La.1977).

. Louisiana Power & Light Company v. Lasseigne, supra, and Davidge v. Magliola, supra, were decided before the amendment and reenactment of Article 2161, as written at the time of the instant case. However, the article was not changed in any respect pertinent to the instant case.

. Solomon v. Hickman, 213 So.2d 96 (La.App.1st Cir. 1968); Atlantic Gulf Supply Corp. v. McDonald, 171 So.2d 481 (La.App.4th Cir. 1965); see also, Thompson v. Warmack, 229 So.2d 352 (La.App.3d Cir. 1969).

. Louisiana Code of Civil Procedure Article 2126, as amended by Act 198, § 2 of 1977, expressly requires the clerk of court to send such notices by certified mail:
“The clerk of the trial court, immediately after the order of appeal has been granted and *180 the security, if required, has been furnished, shall estimate the cost of the preparation of the record on appeal, including the fee of the court reporter for preparing the transcript and the filing fee required by the appellate court. The clerk shall sent a notice by certified mail of the estimated costs to the appellant.
“Within twenty days of the mailing of notice, the appellant shall pay the amount of the estimated costs to the clerk. The trial court may grant one extension of the period for paying the amount of the estimated costs, for not more than an additional twenty days, upon written motion showing good cause for the extension.
“The appellant may question the excessiveness of the estimated costs by filing a written application for reduction in the trial court within the first twenty-day time limit, and the trial court may order reduction of the estimate upon proper showing. If an application for reduction has been timely filed, the appellant shall have twenty days to pay the costs, beginning from the date of the action by the trial court on application for reduction.
“After the preparation of the record on appeal has been completed, the clerk of the trial court shall, as the situation may require, either refund to the appellant the difference between the estimated costs and the actual costs, if the estimated costs exceed the actual costs, or send a notice by certified mail to the appellant of the amount of additional costs due, if the actual costs exceed the estimated costs. If the payment of additional costs is required, the appellant shall pay the amount of additional costs within twenty days of the mailing of the notice.
“If the appellant fails to pay the estimated costs, or the difference between the estimated costs and the actual costs, within the time specified, the trial judge, upon motion by the clerk or by any party, and after hearing, may:
“(1) Extend the time within which the costs may be paid, not to exceed thirty days with or without penalty upon appellant or his attorney; or
“(2) Impose a fine, not to exceed one hundred dollars, upon the appellant, or his attorney, or both; or
“(3) Dismiss the appeal.
“If the appellant pays the costs required by this Article, the appeal may not be dismissed because of the passage of the return day without an extension being obtained or because of an untimely lodging of the record on appeal.”