BERNARD N. MARCANTEL, Judge Pro Tem.
MOTION TO DISMISS
Plaintiff-appellee, Brandie Ann Deville, has filed a motion to dismiss the suspensive appeal of the defendant-appellant, The Federal Savings Bank of Evangeline Parish, on the ground that the suspensive appeal was untimely filed. Plaintiff also seeks to have the appeal of the consent judgment rendered on July 30, 1992 dismissed on the ground that it is a nonappealable judgment pursuant to C.C.P. Article 2085.
Suit was instituted by Brandie Ann De-ville as a result of the defendant paying over to plaintiff during her minority sums of money deposited with the Federal Savings Bank of Evangeline Parish. Prior to the payment of these funds a court order was obtained by plaintiff’s father requiring that prior to dispersal of any principal on deposit with the Federal Savings Bank of Evangeline Parish a court order would be required. Defendant allegedly violated the court order. On June 9, 1992, plaintiff filed for a motion for summary judgment. In the alternative plaintiff prayed that the court grant plaintiff a motion for summary judgment on the issue of liability only. On June 25, 1992, the trial court rendered judgment finding that the plaintiff was entitled to a partial summary judgment and ordered judgment in favor of the plaintiff and against the defendant for all sums paid from the principal of plaintiff’s account in violation of the trial court order.
On July 1, 1992, the trial court issued an order ordering the parties to file a stipulation as to the amount agreed upon that plaintiff would be entitled to recover in the event she succeeds in the law suit, reserving to the defendant the right to appeal the summary judgment of June 25, 1992. On July 29, 1992 the parties entered a Joint Motion for Stipulated Judgment. The stipulation stated that the parties agreed to the amount of the damages sustained by the plaintiff should the judgment, on liability become final. The parties desired that the court enter a judgment in favor of plaintiff in the amount of $27,767.92, plus legal interest until paid. The stipulated judgment was rendered on July 30,1992. On August 25, 1992, defendant filed a petition for appeal desiring to appeal suspensively from the final judgments rendered on June 25 and July 30, 1992.
Plaintiff initially moves this court to dismiss the suspensive appeal of the June 25, 1992 judgment as untimely, thereby converting the appeal to a devolutive appeal.
C.C.P. article 2123 states as follows:
Art. 2123. Delay for taking suspensive appeal
A. Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
*850 (3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
B. Whenever one or more parties file post-judgment motions, the delay periods specified herein commence for all parties at the time they commence for the party whose post-judgment motion is last to be acted upon by the trial court.
C.C.P. article 1915 states in pertinent part as follows:
Art. 1915. Partial judgment
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969.
C.C.P. article 966(C) states as follows:
C. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
Pursuant to these articles it is clear that the judgment rendered on June 25, 1992 is a final appealable judgment. The appeal was not filed until August 25, 1992 clearly beyond the time allowed by C.C.P. article 2123. Therefore, this court dismisses the suspensive appeal from the final judgment rendered on June 25, 1992 and converts the appeal to a devolutive appeal.
Plaintiff also seeks to dismiss the appeal taken from the July 30, 1992 judgment alleging that such judgment was a consent judgment which is nonappealable pursuant to C.C.P. article 2085.
C.C.P. article 2085 states as follows:
Art. 2085. Limitations on appeals
An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.
It is clear under this article that a consent judgment is not appealable. The judgment of July 30, 1992 is entitled “Stipulated Judgment”. The Joint Motion for Stipulated Judgment states that the “parties have agreed to the amount of the damages sustained by Deville should the judgment on liability become final”, reserving the right of the defendant to appeal said judgment on liability. Also, the trial court on June 30, 1992 ordered the parties to file within ten days a stipulation as to the amount agreed upon that the plaintiff is entitled to recover in the event she succeeds in this law suit.
A consent judgment where the appellant unconditionally, voluntarily, and completely acquiesced in the judgment and intended thereby to abandon the right to appeal is not appealable pursuant to C.C.P. article 2085. See Martines v. Martines, 375 So.2d 768 (La.App. 4th Cir.1979).
In the present case, the stipulated judgment signed on July 30,1992, is conditioned upon the judgment of June 25, 1992 becoming final and definitive. The motion for stipulated judgment clearly showed that the parties’ intent was that the parties agreed that this would be the amount of damages should the judgment on liability become final. The judgment of June 25, 1992 is on appeal and has not become final and definitive. Also, the defendant was ordered by the trial court to file the stipulation. Under these circumstances, this Court cannot say that the “Stipulated Judgment” was voluntary and unconditional. For these reasons, the suspensive appeal of the July 30, 1992 judgment is maintained.
SUSPENSIVE APPEAL OF THE JUNE 25, 1992 JUDGMENT IS DISMISSED, BUT CONVERTED TO DEVOLUTIVE APPEAL. MOTION TO DISMISS SUS-PENSIVE APPEAL OF JULY 30, 1992 JUDGMENT IS DENIED.