GROVER L. COVINGTON, Judge Pro Tem.
Defendant-appellee, St. Helena Head Start, moved to dismiss the appeal of plaintiff-appellant, Eunice Paddio-Johnson, for failing to timely appeal and pay the estimated costs of the preparation of the record on appeal as required by La.C.C.P. art. 2126. Plaintiff appeals from the granting of defendant’s motion to dismiss her appeal.
A final judgment in the instant suit was signed by the trial court on November 15, 1990, after a jury trial which culminated in a verdict for defendant rendered in open court on November 2, 1990. A petition for a devolutive appeal was filed by Paddio-Johnson on January 14, 1991. On March 11, 1991, an order was signed granting plaintiffs motion for appeal. The return date set by the trial court was forty-five (45) days after payment of costs.
Defendant moved to dismiss the appeal on the grounds that costs had not been paid and that the appeal was not timely filed. On June 25, 1991, the trial court signed an order dismissing the appeal of Paddio-Johnson. On or about July 3, 1991, Pad-dio-Johnson filed a motion to vacate the order dismissing the appeal. This motion was denied on July 15, 1991. Plaintiff appealed from the denial of that motion on August 15, 1991.
Paddio-Johnson raises two issues on appeal: first, whether it was permissible for the trial court to dismiss her appeal without first conducting a hearing to determine if the appeal had been abandoned; and second, what the practical effect of the Clerk of Court’s failure to send notice by certified mail to plaintiff of the estimated costs of appeal was.
La.C.C.P. art. 2126 provides in pertinent part:
*902 A. The clerk of the trial court, immediately after the order of appeal has been granted, shall estimate the cost of the preparation of the record on appeal, including the fee of the court reporter for preparing the transcript and the filing fee required by the appellate court. The clerk shall send a notice by certified mail of the estimated costs to the appellant.
[[Image here]]
E. If the appellant fails to pay the estimated costs, or the difference between the estimated costs and the actual costs, within the time specified, the trial judge, on his own motion or upon motion by the clerk or by any party, and after a hearing, shall:
(1) Enter a formal order of dismissal on the grounds of abandonment; or
(2) Grant a ten day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned. [Emphasis added].
According to the language of the article, immediately after the order of appeal is granted, the clerk of the trial court shall estimate the cost of preparation of the record on appeal and send the appellant a notice by certified mail of the estimated costs. Burks v. McKean, 544 So.2d 502 (La.App. 2nd Cir.1989).
The article was amended in 1977 to provide as it reads above. Previously, the article read:
The appellant shall pay to the clerk of the trial court, not later than three days prior to the return day or extended return day, all costs of preparing the record on appeal, and the filing fee required by the appellate court the lodge the appeal.
Before the amendment, cases had held that although the clerk of court was obligated to grant an extension of a return day if the costs had not been paid, failure to timely pay the costs was fault attributable to the appellant and the clerk had no duty to notify the appellant of the amount of costs. Louisiana Power & Light Company v. Lasseigne, 255 La. 579, 232 So.2d 278 (La.1970); Davidge v. Magliola, 346 So.2d 177 (La.1977); AMFAC Drug Supply Co. v. Drago, 359 So.2d 178 (La.1978), on rehearing. However, after the amendment, the clerk of the trial court was expressly required to send such notice by certified mail. AMFAC Drug Supply Co., 359 So.2d at 179, n. 7.
In the instant case, appellant argues that because she never received proper notice by certified mail of the costs of appeal (although she was notified by mail of the costs, the notice was not certified and she also raised questions concerning the accuracy of the amount), the period for paying the costs of appeal under C.C.P. art. 2126 never commenced. We agree. The article, after its 1977 amendment, clearly requires that notice be sent by certified mail, and we do not believe that the failure to pay costs, in the absence of such notice, can be imputed to the appellant under La.C.C.P. art. 2161. Therefore, the appeal should not have been dismissed on that ground.
The article also provides that the trial court may not dismiss the appeal until after a hearing. Ronquille v. Department of Wildlife and Fisheries, 532 So.2d 891 (La.App. 5th Cir.1988). In the absence of notice of the costs of the appeal, the period for paying costs never commenced, as we have held above; therefore, the provision of La.C.C.P. art. 2126 concerning the requirement for a hearing was never triggered.
We do note, however, that the article’s language is mandatory. Even if we were to hold that plaintiff had constructive notice of the amount of costs and that the period for paying the costs commenced on March 13, 1991, when plaintiff received a letter stating the costs, as defendant argues, the order dismissing the appeal should not have been granted without a hearing.
Defendant urges us, however, that even if C.C.P. art. 2126 is interpreted as plaintiff argues and as we have held, that plaintiffs appeal should still have been dismissed because it was untimely. We do not agree. Defendant argues that under C.C.P. art. 1913, no notice of the judgment *903 was required because it was rendered in open court. However, the judgment was not signed in open court, and therefore the delays began running from the day the notice of signing of the judgment was mailed. Although the record before us does not indicate when that was done, we assume that the clerk mailed notice the day after the judgment was signed, or November 16, 1990. Factoring in the seven-day period for a motion for new trial, the appeal was timely when filed on January 14, 1991.
The judgment of the trial court dismissing plaintiffs appeal is reversed, and we hereby order the appeal to be re-instated. All costs are to be assessed to defendant.

REVERSED.