# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2018 CA 0726

## JERRY L. ROBINETT

### VERSUS

## FORD OF SLIDELL, L.L.C.
## (A.K.A. SUPREME FORD OF SLIDELL)

*DATE OF JUDGMENT:* 'AUG 0 7 2019

ON APPLICATION FOR REHEARING
FROM THE CITY COURT OF SLIDELL
NUMBER 2016-4382, PARISH OF ST. TAMMANY
STATE OF LOUISIANA

HONORABLE JAMES LAMZ, JUDGE

* * * * * *

| | |
|---|---|
| Jerry L. Robinett<br>New Orleans, Louisiana | Appellant<br>Plaintiff – *Pro Se* |
| David C. Loeb<br>Slidell, Louisiana | Counsel for Defendant-Appellee<br>Ford of Slidell, L.L.C. (a.k.a. Supreme<br>Ford of Slidell) |

* * * * * *

BEFORE: WELCH, CHUTZ, AND LANIER, JJ.

**Disposition: APPLICATION FOR REHEARING GRANTED; APPELLATE JUDGMENT
VACATED; DISTRICT COURT JUDGMENT REVERSED; AND REMANDED.**

## ON REHEARING

**CHUTZ, J.**

Plaintiff-appellant, Jerry L. Robinett, has applied for a rehearing in this matter, requesting that this court maintain his appeal. For the following reasons, we grant a rehearing and vacate our earlier judgment in this matter.

In our earlier appeal, we recognized that the order of appeal signed by the city court granted to Mr. Robinett a devolutive appeal from the "judgment entered in the above cause," but failed to reference the date of the appealed judgment. Based on the city court clerk's notice of appeal, which stated that "an order of appeal was entered on **April 18, 2018**, granting an appeal from the ORDER of **May 17, 2017**," we concluded that Mr. Robinett forfeited his rights to an appeal. See *Robinett v. Ford of Slidell, L.L.C.*, 2018-0726 (La. App. 1st Cir. 12/21/18), 2018 WL 6717008, at *4.

Upon further review of the record, it is evident that the city court's order of appeal, granting Mr. Robinett a devolutive appeal from the "judgment entered in the above cause," was, in fact, a reference to the March 28, 2018 oral ruling that granted Mr. Robinett's motion to dismiss his claims against Ford with an express reservation of his appeal rights on the costs assessment issue and/or the city court's March 28, 2018 written order. Because the oral ruling rendered had never been reduced to writing and the written order lacked the requisite decretal language indicating that the motion had been granted, on September 5, 2018, this court issued an interim order directing the city court to supplement the record.[1]

The city court signed the September 17, 2018 written order, which granted Mr. Robinett's motion to dismiss his claims against Ford while expressly reserving his right to challenge the assessment of costs against him. Therefore, any defects

---

[1] See *Carter v. Williamson Eye Ctr.*, 2001-2016 (La. App. 1st Cir. 11/27/02), 837 So.2d 43, 44 (for language to be decretal, it must state the relief granted or denied). See also La. C.C.P. art. 1911 (requiring a final judgment and a partial final judgment be reduced to writing).

2

with the March 28, 2018 judgment were cured. See *Overmier v. Traylor*, 475 So.2d 1094, 1094-95 (La. 1985) (per curiam); *City of Denham Springs v. Perkins*, 2008-1937 (La. App. 1st Cir. 3/27/09), 10 So.3d 311, 317 n.5, writ denied, 2009-0871 (La. 5/13/09), 8 So.3d 568 (once a final judgment has been signed, any previously existing defect has been cured, and there is no useful purpose in dismissing the otherwise valid appeal).[2] Mindful that appeals are favored and should be maintained unless a legal ground for dismissal is clearly shown, see *Edgefield v. Audubon Nature Inst., Inc.*, 2018-1782 (La. 1/18/19), 261 So.3d 776 (per curiam), we conclude that Mr. Robinett's appeal is valid.

## DISCUSSION

When an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to him in addition to the review of the final judgment dismissing all of his claims with prejudice. See *Robertson v. Doug Ashy Bldg. Materials, Inc.*, 2010-1552 (La. App. 1st Cir. 10/4/11), 77 So.3d 339, 345 n.11, writs denied, 2011-2468, 2011-2430 (La. 1/13/12), 77 So.3d 972 and 973. Thus, Mr. Robinett's appellate complaint, directed at the propriety of the city court's interlocutory ruling rendered on May 17, 2017, is properly before us.[3]

Pointing to La. R.S. 13:5209(C), Mr. Robinett contends that, after his claim had been transferred from the city court's small claims division to its ordinary

---

[2] Since the appealed judgment is one that grants a motion to dismiss, we note that ordinarily an appeal cannot be taken by a party who confessed judgment in the proceedings in the tribunal hearing the matter. See La. C.C.P. art. 2085. But because the ruling expressly reserved Mr. Robinett's right to appeal the issue of the propriety of the city court's assessment of costs, the appealed judgment was conditional and, as such, appealable. See *Deville v. Federal Sav. Bank of Evangeline Parish*, 607 So.2d 848, 850 (La. App. 3d Cir. 1992), writ denied, 610 So.2d 901 (La. 1993).

[3] Mr. Robinett could have avoided the expense of paying costs subsequent to the city court's interlocutory ruling by filing an application for a supervisory writ challenging the city court's May 17, 2017 ruling. See *Alex v. Rayne Concrete Srvc.*, 2005-1457 (La. 1/26/07), 951 So.2d 138, 144.

3

docket, it was error to assess him with costs for the pleadings he filed in the ordinary docket.

Title 13, addressing the courts and judicial procedure, sets forth the following pertinent provisions of the "Small Claims Procedures" law in Part XVIII:

> La. R.S. 13:5205, addressing fees, states in pertinent part:
>
> A. … No other prejudgment costs, except those required by R.S. 13:10.3 [addressing the judicial expense fund], shall be required of the plaintiff so long as the action remains in a small claims division.…
>
> C. The filing fee of thirty-five dollars shall be paid to the judge of the court as a fee in lieu of all other fees in each such case; however, all costs and expenses incurred shall be paid from the filing fee, except as otherwise provided herein.
>
> La. R.S. 13:5206 provides:
>
> A. If a defendant in a small claims action shall have a claim against the plaintiff in such action for an amount over the jurisdiction of the small claims division as set forth in R.S. 13:5202(A), but of a nature which may be asserted by a reconventional demand as authorized by Article 1061 of the Louisiana Code of Civil Procedure, the defendant may assert his claim in the manner provided by this Section, in order to secure consolidation for trial of the small claims action with his own claim.
>
> B. At any time prior to trial in the small claims action, the defendant therein may commence an action against the plaintiff in a court of competent jurisdiction to assert a claim of the nature set forth by R.S. 13:5206(A), and file an affidavit that the reconventional demand is in excess of three thousand dollars[4] with the judge of the small claims division in which the plaintiff has commenced the small claims action.
>
> C. The defendant shall attach to the affidavit a true copy of his petition or reconventional demand so filed and shall pay the clerk of the small claims division a transmittal fee of ten dollars, in addition to the prescribed court costs for filing the reconventional demand, furnishing a copy of the affidavit and pleading to the plaintiff.
>
> D. The judge of the small claims division shall order that the small claims division action be transferred to the ordinary docket of the court.…

---

[4] Although La. Acts 2012, No. 209 amended the amount of the jurisdiction of the small claims division of a city court from three thousand to five thousand dollars, the legislature has not modified Section 5206.

E. The plaintiff in the small claims action shall not be required to pay to the clerk of the court to which the action is so transferred any transmittal, appearance, or filing fee; although, **upon adverse judgment, he may be taxed with costs as in the case of any other defendant**. [Emphasis added.]

And La. R.S. 13:5209, upon which Mr. Robinett relies, sets forth the following:

A. A plaintiff who files a complaint in a small claims division shall be deemed to have waived his right to appeal unless the complaint is removed as provided in Subsection B or is transferred as provided in R.S. 13:5206 above.

B. **A defendant shall be deemed to have waived his right to appeal unless**, within the time allowed for filing an answer to the complaint, **he files a written motion seeking removal of the action to the ordinary civil docket** of the court in which the complaint is filed, **which motion shall be granted forthwith**.

C. **Upon removal as provided in Subsection B of this Section, a plaintiff shall not be required to pay for additional costs beyond those due under this Part; any such additional costs as may be lawfully assessed shall be paid by the defendant mover; the plaintiff, if judgment is rendered against him, shall not be cast in such additional costs.** [Emphasis added.]

Thus, under the statutory scheme, a defendant in a small claims division of a city court can have a matter transferred under two circumstances. A defendant with a reconventional demand may attest that his claim is in excess of the small claims jurisdictional amount and have the matter removed to the ordinary docket under Section 5206. Or the defendant may timely demand that the claim be removed from the small claims division to the ordinary docket subject to the provisions stated in Section 5209.

When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the Legislature. La. C.C. art. 9. *Pumphrey v. City of New Orleans*, 2005-0979 (La. 4/4/06), 925 So.2d 1202, 1209.

By the express terms of Section 5209, a plaintiff is entitled to the benefits of Subsection C if the defendant transfers a small claims procedure suit to the ordinary docket under the provisions of Subsection B of Part XVIII. See *Mihalogiannakis v. Jones*, 563 So.2d 306, 310 (La. App. 4th Cir. 1990). Because Ford, as defendant mover, transferred the matter under Subsection B of Section 5209, it is required under the clear and unambiguous language of Subsection C to pay any additional costs that may be lawfully assessed.

However, in reaching its conclusion that Mr. Robinett was required to pay costs for all pleadings he filed after Ford transferred the matter to the ordinary docket, the city court reasoned as follows:

> First, La. R.S. 13:5205 provides for a filing fee in the small claims division, and provides that no other prejudgment costs "shall be required of the plaintiff *so long as the action remains in the small claims division.*" (Emphasis added.) This statute contemplates that additional pre-judgment costs may be required if the action is removed to the ordinary civil docket.

> The plaintiff cited La. R.S. 13:5209, which provides that if a matter is removed to the ordinary civil docket of the court in which the complaint is filed, "a plaintiff shall not be required to pay for additional costs beyond those due *under this Part*; any additional costs as may be lawfully assessed shall be paid by the defendant mover." ... (Emphasis added). Both La. R.S. 13:5205 and 13:5209 are located in Title 13, Chapter 32, Part XVIII of the Louisiana Revised Statutes, or the same "*Part.*"

> In addition, the language providing that additional costs, "as may be assessed shall be paid by the *defendant mover*," contemplates additional costs for removal to the ordinary civil docket only. The filing fee for an action in small claims is considerably less than the filing fee for an action on the ordinary civil docket. This statute provides that the plaintiff will not have to pay any additional costs for the initial filing of the action once the matter is removed to the ordinary civil docket. In other words, the plaintiff does not have to pay the original filing fee for an action filed in the ordinary civil docket. The "defendant mover" would be required to pay any additional costs for the motion to remove the action. However, the defendant would not be the "mover," or party that filed the motion, in every filing in the action after removal. Therefore, the Court finds that the defendant would not be responsible to pay all costs associated with the action in perpetuity. If a plaintiff files motions or pleadings after the matter is removed to the ordinary civil docket, he is required to pay the applicable civil filing fees.

6

When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law, and the words of law must be given their generally prevailing meaning. La. C.C. arts. 10 and 11. When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole, and laws on the same subject matter must be interpreted in reference to each other. La. R.S. 1:3; La. C.C. arts. 12 and 13; *Pumphrey*, 925 So.2d at 1209-10.

The meaning and intent of a law is determined by considering the law in its entirety and all other laws on the same subject matter and placing a construction on the provision in question that is consistent with the express terms of the law and with the obvious intent of the Legislature in enacting it. The statute must, therefore, be applied and interpreted in a manner, which is consistent with logic and the presumed fair purpose and intention of the Legislature in passing it. This is because the rules of statutory construction require that the general intent and purpose of the Legislature in enacting the law must, if possible, be given effect. It is likewise presumed that the intention of the legislative branch is to achieve a consistent body of law. *Pumphrey*, 925 So.2d at 1210.

Thus, to the extent that the provisions of Part XVIII of Title 13 may be susceptible to the meaning found by the city court and, therefore, ambiguous, we note that according to La. R.S. 13:5200:

> The purpose of this Part [XVIII] is to **improve the administration of justice in small noncriminal cases, and make the judicial system more available to and comprehensible by the public; to simplify practice and procedure in the commencement, handling, and trial of such cases in order that plaintiffs may bring actions in their own behalf,** and defendants may participate actively in the proceedings rather than default; **to provide an efficient and inexpensive forum with the objective of dispensing justice** in a speedy manner; and generally **to promote the confidence of the**

7

**public in the overall judicial system by providing a forum for small claims**. [Emphasis added.]

In reaching its result, the city court did not explain how its interpretation conformed to the express purpose of the Small Claims Procedures law. The city court's determination that Section 5209(C) applied only to the initial transfer fee to which a plaintiff could be assessed permits a defendant to circumvent the purposes of the Small Claims Procedures law by filing an answer to a plaintiff's claim and timely demanding the removal from the small claims division to the ordinary docket without any explanation to the plaintiff or a judicially-passed-upon determination of justifiable cause for the transfer by the city court.

We believe that to accomplish the objectives of Part XVIII, the defendant who wishes under Subsection B of Section 5209 to avoid the abbreviated, inexpensive procedure established under the Small Claims Procedures law does so with the knowledge that removal includes the assumption of any additional costs incurred by a plaintiff beyond those that would otherwise be due under the Small Claims Procedures law. Specifically, under Subsection C, "any such additional costs as may be lawfully assessed [to the plaintiff] shall be paid by the defendant mover." This is in keeping with the provisions of Part XVIII of Title 13 because, but for the defendant's discretionary transfer of the matter from the small claims division to the ordinary docket under Section 5209(B), the plaintiff is liable for no more than the amounts set forth in Section 5205. In contrast, to the extent that a defendant may have a reconventional demand, nothing would have precluded the defendant from summoning the plaintiff to the city court's ordinary docket except that the plaintiff initiated his claim in the small claims division first. Thus, the provisions of Section 5206(E) permits the assessment of costs to the plaintiff who is unsuccessful in defending himself on the reconventional demand "as in the case of any other defendant," which is the procedural posture of the plaintiff served

8

with a reconventional demand. Therefore, we conclude that requiring the defendant mover, who removes a claim from the small claims division of the city court to its ordinary docket, to pay "any such additional costs as may be lawfully assessed" is in conformity with the meaning the legislature intended in enacting the provisions of Section 5209(C).

Accordingly, we find the city court erred in assessing costs to Mr. Robinett subsequent to Ford's removal of his claim to the ordinary docket. Since the record does not clearly establish the total amount of costs Mr. Robinett was required to pay to litigate his claim after it had been removed from the small claims division of the city court to its ordinary docket, the matter is remanded.

## DECREE

For these reasons, Mr. Robinett's application for rehearing is granted, and the original appellate opinion of this court is vacated. The city court's ruling, assessing costs to Mr. Robinett after Ford transferred his claim from the small claims division of the city court to the ordinary docket is reversed. The matter is remanded for a determination of the costs of litigation following transfer of the claim from the small claims division of city court to its ordinary docket. All costs of appellate review are assessed against defendant-appellee, Ford of Slidell, LLC.

**APPLICATION FOR REHEARING GRANTED; APPELLATE JUDGMENT VACATED; DISTRICT COURT JUDGMENT REVERSED; AND REMANDED.**